**Col. L. Fletcher PROUTY, Plaintiff,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, Defendant.**

Civ. A. No. 82–2277.

United States District Court, District of Columbia.

July 6, 1983.

**546**

James H. Lesar, Fensterwald & Associates, Arlington, Va., for plaintiff.

Roderick C. Dennehy, Jr., Alan J. Sobol, Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

This matter is before the Court on plaintiff's motion to compel answers to plaintiff's interrogatories 1–9, 11–12, 14–15, and 18, defendant's opposition thereto and the entire record herein. For the reasons stated below, the Court grants in part and denies in part plaintiff's motion to compel answers to plaintiff's interrogatories 1–9, 11–12, 14–15, and 18. For clarity, the Court adopts the organizational format of plaintiff's motion.

## I. GENERAL OBJECTIONS

### General Objection B

■ Defendant objects to portions of three interrogatories, 1, 2, and 11, because they contain a question concerning the race of employees hired by defendant National Railroad Passenger Corporation ("Amtrak"). Defendant contends that this information is irrelevant, immaterial and beyond the scope of discovery because plaintiff only alleges age discrimination in his complaint, not race discrimination. Plaintiff contends, however, that in order to present statistical evidence showing a pattern of age reduction in defendant's work force, "plaintiff needs to know the race of Amtrak employees, as well as their age, otherwise this lack of information could seriously distort his statistical analysis." Plaintiff's Memorandum of Points and Authorities at 2–3. ("Plaintiff's Memorandum").

The Court finds that the information requested in interrogatories 1, 2, and 11 relating to the race of Amtrak employees is not relevant to the instant complaint and cannot be obtained. *See Equal Employment Opportunity Commission v. United States Fidelity & Guaranty Company,* 420 F.Supp. 244, 247 (D.Md.1976) (In a sex discrimination case, the Equal Employment Opportunity Commission was only entitled to records identified by sex, not race.) *See also Duncan v. State of Maryland* 78 F.R.D. 88, 96 (D.Md.1978). Because plaintiff only alleges age discrimination, he is not entitled to any information pertaining to race. Therefore, the Court denies plaintiff's motion to compel answers to those portions of interrogatories 1, 2, and 11 that pertain to race, *i.e.,* 1b., 2b., and 11b.

### General Objections C and E

■ Plaintiff's interrogatories 5–9, 12, and 14 request information on Amtrak officials at the level of Manager and above for the years 1975–1980 and part of 1981. Interrogatories 5–9 seek information on each individual employed by Amtrak at the Manager level, Director level, Senior Director level, Assistant to the Vice President level, and Vice President level. In General Objection C, defendant contends that interrogatories 5–9 are:

overly broad, unduly burdensome and immaterial to the subject matter of Plaintiff's complaint. Instead, Amtrak provides information on employees located at Amtrak's National Headquarters who are at Manager, Director, Senior Director, Assistant to the Vice President or Vice President levels within the Department

in which Plaintiff worked and those other departments under the jurisdiction of the larger departmental unit known as the office of the Group Vice President of Passenger Services and Communications.

The Court finds that the interrogatories, as drafted are overly broad and unduly burdensome, thus, denies plaintiff's motion to compel answers to interrogatories 5–9, as drafted. Because this is an individual suit rather than a class action and plaintiff has not shown a sufficiently particularized need for this information, the Court will limit discovery to the Department in which plaintiff worked and those other departments under the office of the Group Vice President of Passenger Services and Communications and its predecessor department, Public Affairs. *See Marshall v. Westinghouse Electric Corporation,* 576 F.2d 588, 592 (5th Cir.1978) ("[I]n the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination—the employing unit or work unit . . . . To move beyond that focus the plaintiff and the EEOC must show a more particularized need and relevance.") (case citations omitted). *See also Equal Employment Opportunity Commission v. Packard Electric Division,* 569 F.2d 315, 318 (5th Cir.1978). If plaintiff is able to show a particularized need for information pertaining to the entire Amtrak Headquarters, as well as its relevance to this case, the Court will reconsider this decision.

The Court also notes that the cases chiefly relied upon by plaintiff are class action suits, thus, distinguishable from this case. *See Morrison v. City and County of Denver,* 80 F.R.D. 289 (D.D.C.1978); *Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631 (D.Md. 1978); *National Organization for Women, Inc. v. Minnesota Mining and Manufacturing Company,* 73 F.R.D. 467 (D.Minn.1977).

Therefore, the Court accepts defendant's narrowing of plaintiff's interrogatories 5–9, with a caveat that Amtrak also must provide information relating to the predecessor department, Public Affairs.

■ Interrogatories 12 and 14 seek the following information:

*Interrogatory No. 12:* Please state the number of persons employed at Amtrak Headquarters in each of the following position levels during the years 1976–1981:

a. Manager
b. Director
c. Senior Director
d. Assistant to the Vice President
e. Vice President

*Interrogatory No. 14:* State (a) the salary range, and (b) the range in Hay Ratings, for each of the following position levels for each year from 1976–1981:

a. Manager
b. Director
c. Senior Director
d. Assistant Vice President
e. Vice President

Defendant objects to these two interrogatories, as well as interrogatories 5–9:

because the requests are overly broad, unduly burdensome and beyond the scope of reasonable discovery. The identity of employees and certain personnel employment information from 1982 and from a portion of the calendar year 1981, is on Amtrak's computerized employee data system. Amtrak has made a good faith effort to retrieve the information from computer records. Amtrak submits the most complete information available to it based upon those records. Information regarding the identity of employees and personnel employment data from the years 1975 through 1980 and that remaining portion of 1981 is not maintained on Amtrak's computerized employee data system and therefore must be gathered by hand. Amtrak has expended considerable time in an attempt to gather by hand information not on the system in response to Plaintiff's Interrogatories for portions of 1980 and 1981. Amtrak submits the most complete information available to it. To the extent that additional information becomes available or in the event that Amtrak learns information submitted previously is incorrect or no

longer true, Amtrak will supplement its Answer.

The Court has already ruled that interrogatories 5–9 are to be answered in a limited form. As for interrogatories 12 and 14, the Court finds that this statistical information is discoverable. *See, e.g., Mastie v. Great Lakes Steel Corporation,* 424 F.Supp. 1299, 1319–21 (E.D.Mich.1976) (Statistics may be used in age discrimination litigation). Therefore, the Court grants plaintiff's motion to compel answers to interrogatories 12 and 14, although the answer to interrogatory 14 is to be limited to those positions located at Amtrak Headquarters which are under the jurisdiction of the Group Vice President of Passenger Services and Communications or were under the jurisdiction of its predecessor department, Public Affairs. The Court notes that the fact that only a small portion of this information is on Amtrak's computerized employee data system cannot immunize defendant from discovery. However, defendant may make available to plaintiff the records from which these answers may be derived rather than search through the documents itself. Fed.R.Civ.P. 33(c).

*General Objection D*

Plaintiff's interrogatories 1–3 seek information on all Amtrak Headquarters employees at the level of Manager and above who were discharged in May–June 1981 and whether any employees have been rehired, as well as information on those who were employed by Amtrak as of May 1, June 1, July 1, and August 1, 1981. Interrogatory 11 seeks information on all persons hired by Amtrak Headquarters subsequent to August 1, 1981 for positions at the level of Manager and above. Defendant contends that these interrogatories are:

> overly broad, unduly burdensome and immaterial to the subject matter of Plaintiff's complaint. Instead, Amtrak provides information on employees located at National Headquarters who are at Manager level and/or above within the Department in which Plaintiff worked and those other departments under the jurisdiction of the larger departmental unit

known as the office of the Group Vice President of Passenger Services and Communications.

The Court finds that interrogatories 1–3 and 11, as phrased, are overbroad and unduly burdensome, therefore, denies plaintiff's motion to compel answers to them. For the reasons stated above, the Court will limit discovery to the Department in which plaintiff worked and those other departments under the office of the Group Vice President of Passenger Services and Communications. *See* discussion under *General Objections C and E, supra.* Although plaintiff contends that headquarters-wide information is needed because the case involves a headquarters-wide discharge, the Court does not consider this sufficient evidence of a "particularized need." *See Marshall v. Westinghouse Electric Corporation, supra.*

*General Objection F*

Defendant's General Objection F pertains to plaintiff's interrogatories 1–2, 5–9, and 11 and states as follows:

> F. Moreover, Amtrak objects to each and every part and subpart of Plaintiff's Interrogatory Nos. 1, 2, 5, 6, 7, 8, 9 and 11 that request a job description for an individual employee at the level of Manager, Director, Senior Director, Assistant to the Vice President or Vice President and/or above because the request is immaterial to the subject matter of Plaintiff's complaint and is too broad and burdensome. Information requested on the individual job description for an employee from any given year is not maintained on Amtrak's computerized employee data system and must be gathered by hand. Information with regard to the job description of an employee may be derived or ascertained from the records maintained at the National Headquarters of Amtrak. Job descriptions for employees holding the title Manager, Director, Senior Director, Assistant to the Vice President or Vice President or who are at the Manager, Director, Senior Director, Assistant to the Vice President or Vice President level within departments under the jurisdiction of the larger departmental unit entitled

Group Vice President Passenger Services and Communications are available for Plaintiff's inspection and copying, upon reasonable notice, at a time mutually convenient for both parties.

Although plaintiff agrees to inspect and copy job descriptions pursuant to Fed.R. Civ.P. 33(c), plaintiff does not agree that this information should be limited to officials within the department, Group Vice President Passenger Services and Communications, as proposed by defendant. For the reasons stated above, the Court finds that plaintiff's request is too broad and burdensome and will limit interrogatories 1–2, 5–9, and 11, to departments under the jurisdiction of Group Vice President Passenger Services and Communications, as proposed by defendant, as well as its predecessor department, Public Affairs. *See* discussion under *General Objections C and E, supra.* Because plaintiff did not work in any other departments, job descriptions relating to positions within these departments would not be relevant to this litigation. *See James v. Newspaper Agency Corporation,* 591 F.2d 579, 582 (10th Cir.1979).

*Privacy Objection*

■ With regard to interrogatories 1–2 and 5–9, defendant objects to identifying its employees by name on the grounds that such a request is irrelevant and immaterial to plaintiff's claims and disclosure of names would constitute an invasion of the privacy interests of its employees. The Court finds that the names of Amtrak employees are not relevant to plaintiff's suit and that the individuals' privacy interests outweigh plaintiff's interests. *See, e.g., Equal Employment Opportunity Commission v. Associated Dry Goods Corporation,* 449 U.S. 590, 603, 101 S.Ct. 817, 824, 66 L.Ed.2d 762 (1981). Therefore, the Court denies plaintiff's motion to compel the identification of employees by name in interrogatories 1–2 and 5–9.

## II.  SPECIFIC OBJECTIONS

■ Defendant objects to plaintiff's interrogatory 3d. which seeks the salary of any persons who were discharged in May-

June 1981 and have been rehired. Defendant contends that this information is irrelevant and immaterial to plaintiff's cause of action and that it would constitute an invasion of employee's privacy rights.

Plaintiff contends that salary information "is relevant, *inter alia,* for settlement purposes." Plaintiff's Memorandum at 17. However, defendant states that plaintiff has yet to make any settlement offer. The Court fails to see the relevance of this information, even for settlement purposes. Therefore, the Court denies plaintiff's motion to compel an answer to interrogatory 3d.

*Interrogatory 4*

■ Plaintiff's interrogatory 4 seeks information on "all lawsuits filed against Amtrak by employees discharged by it during the period May-June 1981 ....." Defendant objects to this interrogatory on the grounds that it is beyond the scope of plaintiff's complaint and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends, however, that with this information, he will be able to contact those individuals who have filed lawsuits and quite likely, obtain admissible evidence from them.

The Court finds that issues raised in other lawsuits are not relevant to this case. Therefore, the Court denies plaintiff's motion to compel an answer to interrogatory 4. *See, e.g., Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–139, 139 n. 4.

*Interrogatory 14*

Plaintiff's interrogatory 14 and Amtrak's answer thereto are as follows:

*Interrogatory No. 14:* State (a) the salary range, and (b) the range in Hay Ratings, for each of the following position levels for each year from 1976–1981:

a.  Manager

b.  Director

c.  Senior Director

d.  Assistant Vice President

e.  Vice President

*Answer:* Amtrak is unable to respond to Plaintiff's request as phrased.

(a) Salary range does not directly correlate to a specific title of Manager, Director, Senior Director, Assistant Vice President or Vice President.

(b) Range of Hay Points or Hay Points do not directly correlate to a specific title of Manager, Director, Senior Director, Assistant Vice President or Vice President.

Plaintiff has rephrased this interrogatory, restricting the request to Headquarters officials employed at these position levels. Defendant contends, however, that information pertaining to positions outside the larger divisional unit of which Corporate Communications is a part, information prior to 1980 and information pertaining to positions other than those held by plaintiff, is not relevant and is unduly burdensome. As a result, defendant states that it "will seek to answer the rephrased question as it pertains to positions held by plaintiff within the Corporate Communications Department." Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Order Compelling Discovery at 34. For the reasons stated above, the Court finds that this interrogatory is relevant to plaintiff's claims. *See* discussion under *General Objections C and E, supra.* Therefore, the Court grants plaintiff's motion to compel an answer to interrogatory 14, but only as it applies to those positions located at Amtrak Headquarters which are under the jurisdiction of the Group Vice President of Passenger Services and Communications or were under the jurisdiction of its predecessor department, Public Affairs.

### Interrogatory 15

Plaintiff's interrogatory 15 and defendant's response thereto are as follows:

*Interrogatory No. 15*: Please list all witnesses which Amtrak may call to testify in its behalf at trial and provide their names, addresses and telephone numbers.

*Answer*: A decision has not been made as to whom Amtrak intends to call as witnesses at trial.

Defendant contends that this interrogatory calls for speculation and guesswork.

Amtrak states that it will provide the names of these witnesses when a determination has been made and in accordance with the Court's pretrial order. The Court accepts defendant's answer to this interrogatory. Therefore, the Court denies plaintiff's motion to compel an answer to interrogatory 15.

### Interrogatory 18

■ Plaintiff's interrogatory 18 and defendant's answer and objection thereto are as follows:

*Interrogatory No. 18*: Who were the members of the committee which evaluated Hay ratings during the period the Hay Rating System was in effect at Amtrak?

*Answer*: Objection. Plaintiff's request for the identity of the members of the committee which evaluated Hay ratings during the period the Hay rating system was in effect is immaterial and beyond the scope of the Plaintiff's complaint. Instead, Amtrak provides the names of the members of the Hay committee which evaluated the position Special Assistant to the Vice President, in the Public Affairs Department:

Stuart Warden
Dave Ryan
Joe Crawford
Joe Hackenbracht
Doug Wakefield
Frank Martin
Jim Crawford
Bill Houwen

Although the interrogatory as drafted by plaintiff is overbroad, the Court finds that the subject matter of this interrogatory is within the scope of plaintiff's complaint. Therefore, the Court grants plaintiff's motion to compel an answer to interrogatory 18, as redrafted by the Court:

Who were the members of the committee which evaluated Hay ratings for any positions held by plaintiff or any other positions at the level of Manager and/or above which are under the jurisdiction of the Group Vice President of Passenger Services and Communications or were un-

der the jurisdiction of its predecessor department, Public Affairs during the period the Hay Rating System was in effect at Amtrak?

### III. CONCLUSION

In accordance with the above, plaintiff's motion to compel answers to plaintiff's interrogatories 1–9, 11–12, 14–15, and 18 is denied in part and granted in part. An appropriate order is attached.

### ORDER

Upon consideration of plaintiff's motion to compel answers to plaintiff's interrogatories 1–9, 11–12, 14–15, and 18, defendant's opposition thereto, the entire record herein, and for the reasons stated in the accompanying memorandum opinion, it is by the Court this 6th day of July 1983,

ORDERED that plaintiff's motion to compel answers to plaintiff's interrogatories 1–9, 11–12, 14–15, and 18 is granted in part and denied in part; it is further

ORDERED that plaintiff's motion to compel answers to interrogatories 1b., 2b., and 11b., all pertaining to race, is denied; it is further

ORDERED that plaintiff's motion to compel answers to interrogatories 5–9 is denied; it is further

ORDERED that plaintiff's motion to compel answers to interrogatory 12 is granted; it is further

ORDERED that plaintiff's motion to compel answers to interrogatory 14 is granted in part, i.e., the answer is to be limited to those positions located at Amtrak Headquarters which are under the jurisdiction of the Group Vice President of Passenger Services and Communications or were under the jurisdiction of its predecessor department, Public Affairs; it is further

ORDERED that plaintiff's motion to compel answers to interrogatories 1–3 and 11 is denied; it is further

ORDERED that plaintiff's motion to compel answers to interrogatories 1–2, 5–9, and 11, pertaining to job descriptions, is denied; it is further

ORDERED that plaintiff's motion to compel the identification of employees by name in interrogatories 1–2 and 5–9 is denied; it is further

ORDERED that plaintiff's motion to compel an answer to interrogatory 3d. is denied; it is further

ORDERED that plaintiff's motion to compel an answer to interrogatory 4 is denied; it is further

ORDERED that plaintiff's motion to compel an answer to interrogatory 15 is denied; it is further

ORDERED that plaintiff's motion ·to compel an answer to interrogatory 18 is granted in part, i.e., the answer is to be limited to members of committees which evaluated Hay ratings for any positions held by plaintiff or any other positions at the level of Manager and/or above under the jurisdiction of the Group Vice President of Passenger Services and Communications or under the jurisdiction of its predecessor department, Public Affairs; and it is further

ORDERED that defendant shall file and serve answers to plaintiff's interrogatories 12, 14, and 18, or make the applicable business records available to plaintiff pursuant to Fed.R.Civ.P. 33(c), within 30 days of the date of this order.