**Maria MOSES**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Civ. No. C84–524.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 11, 1984.

---

Richard C. Mitchell, E.A. Simpson, Jr., Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Thomas Henry Nickerson, Atlanta, Ga., Morton P. Sherzer, Decatur, Ga., for defendant.

## ORDER

ORINDA D. EVANS, District Judge.

This insurance case is now before the court on Defendant's motion to strike or dismiss Plaintiff's first amended complaint and on Plaintiff's motion to compel answers to interrogatories.

Defendant having subsequently consented to the filing of the first amended complaint, Defendant's motion to strike or dismiss is hereby DISMISSED AS MOOT.

Plaintiff's motion to compel is related to interrogatories 8, 9, 12, 14, 18, 19, 20 and 21 of Plaintiff's First Interrogatories and Request for Production. Defendant objected to interrogatories 8, 9, 18, 19, 20 and 21 on grounds of relevance and oppression, interrogatory 14 on the ground of oppression, and interrogatory 12 on the ground of attorney-client privilege. The issues in this case, as shown by Plaintiff's first amended complaint, are Defendant's alleged failure/refusal to pay $519 in chiropractic expenses and $2,108.75 in lost income, and whether such failure/refusal to pay was done in good faith under O.C.G.A. § 33–34–6. The court will review each interrogatory in light of these issues.

Interrogatory # 8 states:
With respect to all no-fault claims over which Ms. Denise Maxwell has or had

control in which State Farm Mutual Automobile Insurance Company has been called upon by a no-fault claimant to pay expenses of chiropractic care and treatment, state:

(a) The total number of such no-fault claims;

(b) The number of such claims in which State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full before or without a lawsuit being filed against State Farm Mutual Automobile Insurance Company to recover no-fault benefits;

(c) The number of such claims in which the State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full after a lawsuit to recover such no-fault benefits was filed against State Farm.

Defendant's response states:

Defendant objects to Interrogatory No. 8 on the grounds that the information it seeks is irrelevant to the issues involved in this action, and is not calculated to lead to the discovery of any admissible evidence. Defendant further objects to Interrogatory No. 8 on the grounds that it is overly broad, unduly oppressive and harassing.

The court agrees that this interrogatory is not relevant to the issues in this case nor is it likely to lead to admissible evidence. The issues in this case are limited to Defendant's conduct regarding Plaintiff's claim for insurance benefits and to the adequacy of Defendant's reasons for that conduct. Defendant's conduct regarding the insurance claims of others is of no consequence to this case. Plaintiff can determine the reasons for Defendant's conduct regarding her claim by deposition of Defendant's employees and others who were involved in the decision not to pay the amounts in question. Having discovered those reasons, Plaintiff will then be in a position to produce evidence to challenge those reasons.

Interrogatory # 9 states:

With respect to all no-fault claims over which Ms. Denise Maxwell or her super-visor had control in which State Farm Mutual Automobile Insurance Company has sought or requested an 'independent medical examination' in cases where a no-fault claimant was under the care of a chiropractor and/or seeking payment of expenses of chiropractic care and treatment, state:

(a) The total number of such no-fault claims;

(b) The number of such claims in which State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full before or without a lawsuit being filed against State Farm Mutual Automobile Insurance Company to recover no-fault benefits;

(c) The number of such claims in which State Farm Mutual Automobile Insurance Company paid the no-fault benefits in full after a lawsuit to recover such no-fault benefits was filed against State Farm.

Defendant's response is the same as that to interrogatory # 8. The court finds that interrogatory # 9 is also irrelevant for the same reasons as interrogatory # 8.

Interrogatory # 12 states:

Did State Farm Mutual Automobile Insurance Company receive or does State Farm Mutual Automobile Insurance Company have possession of any recommendations with respect to Plaintiff's no-fault claim, evaluations as to liability, amount of coverage, when payment would be overdue or any factual summaries from any of your officers, adjusters, claims personnel, agents or any person hired by State Farm to investigate or evaluate Plaintiff's claim?

Defendant's response states:

Defendant objects to Interrogatory No. 12 to the extent that it seeks information covered by the attorney-client privilege. Defendant objects further to Interrogatory No. 12 to the extent that it seeks information regarding documents prepared in anticipation of litigation or subsequent to litigation. Subject to this objection, Defendant responds to Interrogatory No. 12 as follows: Yes.

■ Defendant's objection is based on the attorney-client privilege and the work product rule, but Defendant has failed to specifically identify the documents or communications to which the objection applies. The mere claim of privilege does not justify a refusal to identify properly the information and documents requested. *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 302 (E.D.Pa.1980). The existence of privilege depends on the nature of the claim and the circumstances in which it is made. *Id.* An interrogatory may confirm the existence, though not the contents, of information gathered in preparation for trial. *Id.* In raising this objection, Defendant must identify with specificity the nature, but not contents, of the documents and communications sought to be protected from discovery. Defendant has failed to do so.

■ Furthermore, Defendant not only objected to this interrogatory but also answered the interrogatory in the same response. This procedure is improper. Although the court could simply treat the objection as waived, *see Meese v. Eaton Manufacturing Company*, 35 F.R.D. 162, 166 (N.D.Ohio 1964), it elects not to do so.

■ Interrogatory # 14 states:

Does State Farm Mutual Automobile Insurance Company, without regard to locality, have any instructions, procedures, policies or rules for its officers, employees, agents, attorneys, or any other person involved in the handling of no-fault claims where State Farm Mutual Automobile Insurance Company has been called upon to pay the expenses of chiropractic care and treatment?

Defendant responds that this interrogatory is unduly vague, overly broad, harassing and oppressive. The court finds that the scope of the interrogatory, "without regard to locality," is overly broad and that any information regarding policies and rules implemented by Defendant in states other than Georgia is irrelevant. Limited to the State of Georgia, this interrogatory would be proper. The court elects on its own motion to direct Defendant to respond to the interrogatory as modified.

Interrogatory # 18 states:

State the number of claims and lawsuits pending in Georgia against State Farm in which State Farm has refused to pay the expenses of chiropractic care and treatment for any reason, including specifically, an "independent medical examination" by a chiropractor or chiropractic consultant's group.

Defendant objects on the same grounds as stated for interrogatory # 8. The court finds that interrogatory # 18 is also irrelevant for the same reasons set forth for interrogatory # 8.

Interrogatory # 19 states:

State the name and address of each claimant and his or her attorney, if any, who have charged State Farm Mutual Automobile Insurance Company with bad faith, failure or refusal to pay no-fault benefits for chiropractic care and treatment in the State of Georgia during the past twelve (12) months.

Defendant objects on the grounds given for interrogatory # 8. The court finds that this interrogatory is irrelevant for the same reasons given for interrogatory # 8.

Interrogatory # 20 states:

State the name and address of each claimant with respect to whom State Farm Mutual Automobile Insurance Company has refused to pay chiropractic billings for treatment within the past year based upon an 'independent medical examination' by a chiropractor or chiropractic consultant's group.

Defendant objects on the same grounds given for interrogatory # 8. The court finds that this interrogatory is also irrelevant for the reasons regarding interrogatory # 8.

Interrogatory # 21 states:

Identify and describe each document in the possession, custody or control of State Farm Mutual Automobile Insurance Company from the Office of the Georgia Insurance Commissioner regarding "independent medical examinations" and/or payments of PIP benefits and claims involving the expenses of chiropractic care and treatment.

Defendant objects on the grounds given for objecting to interrogatory # 8, but also has answered, indicating that it knows of no such documents. As previously stated, the dual objection/answer procedure is improper.

Based on the preceding analysis, Plaintiff's motion to compel is hereby GRANTED IN PART and DENIED IN PART. The motion is DENIED insofar as it relates to interrogatories 8, 9, 18, 19, and 20. The motion is GRANTED insofar as it relates to interrogatory # 14, as limited in scope to the State of Georgia. Defendant shall answer interrogatory 14 as limited within fifteen (15) days of date of entry of this order.

Ruling on Plaintiff's motion insofar as it pertains to interrogatories 12 and 21 is DEFERRED. Defendant is DIRECTED to object to *or* answer these interrogatories within fifteen (15) days of date of entry of this order.