**Raymond M. MARKER, Plaintiff,**

v.

**UNION FIDELITY LIFE INSURANCE COMPANY, Defendant.**

No. C–88–223–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

March 9, 1989.

M. Douglas Berry, Greensboro, N.C., for plaintiff.

Hugh Stevens, Cynthia Leigh Wittmer, Raleigh, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

This case involves plaintiff's attempt to collect on three separate group hospital indemnity insurance policies issued by defendant.[1] Plaintiff underwent a precautionary, elective appendectomy, after consultation with his doctor, because of his lengthy and extensive overseas travels. The operation was successful. Defendant refused to pay on the grounds that plaintiff's elective surgery is not covered by the contract but only hospitalization for a sickness or injury. Plaintiff seeks recovery not only on the contract but for additional sums for defendant's alleged bad faith refusal to pay the policy and for punitive damages. In order to obtain information with respect to the claim of bad faith refusal to pay, plaintiff submitted, among others, interrogatory nos. 10, 24 and 30 for which he now seeks to compel defendant to provide a further response.

Interrogatory no. 10 requests defendant to identify all civil or criminal suits arising out of its denial or termination of benefits under health insurance policies and to provide identifying information as to docket number, court and location, parties and their status, nature of the litigation, and ultimate disposition of the suit.

Defendant objects on the grounds that the information is not relevant and, in any event, would impose an unduly burdensome and time consuming search of original records.

Interrogatory nos. 24 and 30 both seek the same information. Plaintiff wants defendant to identify all claims made on similar indemnity policies relating to appendectomies and all claims where benefits have

---

1. Defendant alleges that plaintiff is an insurance speculator. It defines this as a person who contracts for a large number of health indemnity policies hoping that some illness will occur. When that happens the party can obtain a large amount of tax free money when all of the health insurance claims are paid. Defendant alleges plaintiff had 29 insurance indemnity contracts.

been denied because it was determined that the medical procedure was not necessitated by sickness or injury.

Defendant objects to these interrogatories on the grounds that the information is irrelevant and also because it would require approximately 100 man-hours and the expenditure of $6,000.00 or more to create a computer software program which would identify such claims. Also, thereafter, each claims file would have to be manually retrieved and reviewed.

Interrogatory no. 30 is a follow-up inquiry after plaintiff received an inadequate response to interrogatory no. 24 and attempted a Rule 30(b)(6), Fed.R.Civ.P., deposition. On September 28th, plaintiff deposed Catherine Savitsky, defendant's claims director. Ms. Savitsky was unable to answer plaintiff's specific questions concerning retrieval of computerized data. Plaintiff did determine that defendant had codes for appendectomy claims and for denial of claims based on lack of sickness or injury. As a result, plaintiff issued interrogatory no. 30 which specifically sought that information in relation to defendant's claims and denial codes. Defendant objected to answering as previously stated. The Court does not have a copy of defendant's response, so it cannot be determined whether a person knowledgeable about defendant's computer operations in fact was consulted and provided the answer under oath. Plaintiff says that he has evidence that defendant can inexpensively retrieve the information.

### Discussion

The controversy presents the following three issues: (1) Are requests for litigation and insurance claims histories and files relevant; (2) are such requests overly burdensome in this particular case; and (3) has defendant sufficiently demonstrated burdensomeness?

Requests for an opponent's complete past litigation and claims histories are not infrequent. Plaintiff wants detailed information as to each lawsuit, all claims relating to appendectomies and claim denials which are deemed medically unnecessary. He relies on *Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42 (W.D.N.Y.1986), which required an employer, who was sued for gender and age based employment discrimination, to answer interrogatories concerning civil actions and discrimination complaints filed by other employees. The court found the information relevant for purposes of establishing plaintiff's claim of a pattern and practice of discrimination. *Accord McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D.Pa.1979) (histories limited to the types of discrimination alleged in the complaint). *See Culp v. Devlin*, 78 F.R.D. 136 (E.D.Pa.1978) (complaints alleging police brutality relevant to show supervisor's imputed knowledge of problems and inadequacy of training programs). *See also Josephs v. Harris Corp.*, 677 F.2d 985 (3d Cir.1982) (prior accidents relevant to manufacturer's duty to warn).

In other instances, courts have denied requests to produce information about other lawsuits or complaints on the grounds that such matters were irrelevant to the pending action. Thus, in *Moses v. State Farm Mut. Auto Ins. Co.*, 104 F.R.D. 55 (N.D.Ga.1984), the court held that requests for claims of no fault insurance paid before and after the filing of the lawsuit were irrelevant because plaintiff could determine defendant's reason for denying her claim by deposing defendant's decision-makers. *See also Prouty v. National R.R. Passenger Corp.*, 99 F.R.D. 545, 549 (D.D.C.1983) (all lawsuits by discharged employees during a certain period); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D. Okla.1977) (lawsuits and complaints filed against defendant for employment discrimination); *Goodman v. International Business Machine Corp.*, 59 F.R.D. 278 (N.D. Ill.1973) (other personal injury claims arising out of the same incident); *Hicks v. Crown Zellerbach Corp.*, 49 F.R.D. 184 (E.D.La.1968) (other charges by plaintiff with the Equal Employment Opportunity Commission); and *Wood v. McCullough*, 45 F.R.D. 41 (S.D.N.Y.1968) (other medical

malpractice actions filed against doctors).[2]

A decision to require a party to produce its litigation and claims histories involves more than assertions of relevancy. Such requests will always have some modicum of relevance. The more critical factor is whether the need for the information, considering its relevancy and the nature of the case, outweighs the burdensomeness of the request. Rule 26(b)(1), Fed.R.Civ.P., provides a list of policy concerns for determining need for these types of discovery disputes.

■ Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Rather, discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. As a result, discovery rules are to be accorded broad and liberal construction. *Buffington v. Gillette Co.*, 101 F.R.D. 400 (W.D.Okla.1980) (collecting cases); *Matter of Hawaii Corp.*, 88 F.R.D. 518, 523 n. 4 (D.Haw.1980).

One of the consequences of permitting liberal discovery is that the parties may engage in successive or abusive discovery. In order to set limits on discovery, the proper test is not whether one's opponent has the ability to pay, but whether the cost is substantial *vel non*. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 362–64, 98 S.Ct. at 2395–96. To meet these concerns, Rule 26(b)(1), was amended in 1983 to set standards in order to discourage improper discovery. *English v. Cowell*, 117 F.R.D. 132 (C.D.Ill.1986). The standard now provides:

The frequency or extent of use of the discovery methods set forth in subdivision (a) shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Rule 26(b)(1), Fed.R.Civ.P.

Even though the 1983 amendment to Rule 26(b)(1) only expressly addresses the problem of redundant and excessive use of discovery, it may also be used as a guide for determining other discovery disputes such as whether individual discovery requests are sufficiently relevant as contrasted with the burden of producing the information. The policy concerns relating to excessive amounts of discovery are similar to those pertaining to individual requests. Even though the amendment specifically deals with the frequency and extent of discovery use, the remedies merely reflect existing practices which the courts use in issuing protective orders pursuant to Rule 26(c), Fed.R.Civ.P., against all forms of burdensome, unduly expensive, etc., discovery. *See* Rule 26(b)(1), Fed.R.Civ.P., 1983 advisory committee's note.

■ Utilizing the standards set out in Rule 26(b)(1)(iii), the Court finds that plaintiff is not entitled to an order compelling defendant to produce detailed information about prior lawsuits filed against it. Considering the nature of the controversy, the complexity of the lawsuit, the importance of the discovery to the lawsuit and the

---

**2.** In some instances, courts denied the requests for litigation histories because plaintiff failed to specify the relevance of the information. *See, e.g., Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D.Okla.1977). In *Prouty v. National R.R. Passenger Corp.*, 99 F.R.D. 545 (D.D.C. 1983), the court simply rejected the contention of relevancy, even though plaintiff advanced a not unreasonable contention that contacting other individuals would enable him to learn more about defendant's practices and thereby obtain admissible evidence.

monetary amount involved, the Court finds plaintiff fails to demonstrate a sufficient need for the information. This lawsuit is not a complicated one. It involves a request for money allegedly due under an indemnity insurance policy. It is a simple contract case involving a small amount of money. It does not involve great issues of philosophic, social or institutional importance.[3] Information about other lawsuits or claims cannot be deemed crucial to such a case.

The fact that defendant is a large company and plaintiff is a person of modest means is not a decisive factor in resolving discovery disputes. The Court does its duty by heeding the admonition to act "in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent." Rule 26(b)(1), Fed.R.Civ.P., 1983 advisory committee's note. Nor is the Court convinced that plaintiff's additional allegation, that defendant is guilty of bad faith refusal to pay an insurance contract, alters this conclusion.

■ Mere incantations that an opponent has acted in bad faith will not convert a simple contract lawsuit into a license to burden or harass one's adversary. Conclusory claims of bad faith may not be the bases for conducting marginally relevant discovery which is by its nature burdensome. Such discovery requests amount to nothing more than an out of season fishing expedition. Plaintiff has not made a *prima facie* or any other preliminary showing that defendant acted in bad faith, as a matter of policy, in order to discourage small claims or for some other reason.

The slender showing of need by plaintiff stands in juxtaposition to the burden to defendant of producing the documents. Producing litigation histories very often is by its nature burdensome. Moreover, as recounted earlier, defendant has come forward with specific facts demonstrating the burden. Considering all of the above factors, the Court finds plaintiff's request to be excessive, unduly burdensome, and it shall be denied.

The above discussion applies equally to plaintiff's request that defendant provide a list of its appendectomy claims and of its denial of claims for being medically unnecessary. Deposition of defendant's decisionmakers would provide the most direct source of the reasons plaintiff's claim was denied. *Moses v. State Farm Mut. Auto. Ins. Co., supra.* However, in this case the claims history may be somewhat more relevant than defendant's litigation history because it could shed light on defendant's interpretation of the contract. Unfortunately, the Court cannot fully evaluate whether defendant should be required to produce this information because defendant denied plaintiff an adequate opportunity to discover whether producing the information would be unduly burdensome.

■ In the instant case, plaintiff sought "claims information" in interrogatory no. 24. Defendant objected and as a result plaintiff scheduled a Rule 30(b)(6), Fed.R. Civ.P., deposition. Plaintiff specifically sought a person knowledgeable about the claims processing and claims records, and persons familiar with general file keeping, storage and retrieval systems of defendant. In response to that deposition defendant produced its claims director who was unable to answer specific questions concern-

3. The Advisory Committee's Note further explains Rule 26(b)(1)(iii) as follows:

The elements of Rule 26(b)(1)(iii) address the problem of discovery that is disproportionate to the individual lawsuit as measured by such matters as its nature and complexity, the importance of the issues at stake in a case seeking damages, the limitations on a financially weak litigant to withstand extensive opposition to a discovery program or to respond to discovery requests, and the significance of substantive issues, as measured in philo-

sophic, social, or institutional terms. Thus the rule recognizes that many cases in public policy spheres, such as employment practices, free speech, and other matters, may have importance far beyond the monetary amount involved. The court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a party, whether financially weak or affluent.

Rule 26(b)(1), Fed.R.Civ.P., 1983 advisory committee's note.

ing the retrieval of computerized data. Plaintiff states that on the afternoon of the deposition, when it was apparent that the claims representative could not answer the questions, plaintiff requested another employee familiar with the data processing system. Defendant's attorney refused to produce anyone else. Defendant does not contradict this statement.

■ A notice of deposition made pursuant to Rule 30(b)(6) requires the corporation to produce one or more officers to testify with respect to matters set out in the deposition notice or subpoena. A party need only designate, with reasonable particularity, the topics for examination. The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation. *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196 (E.D. Tenn.1986); *Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62 (D.P.R. 1981). *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2103, 2110 (Supp.1988).

■ In the instant case, plaintiff's request was specific and understandable. It was not unduly broad or abusive. In fact, it was subject to a prior clarifying letter so that defendant necessarily knew the scope and nature of plaintiff's interest. By refusing to provide any person other than its claims director, defendant failed to make a complete designation and produce knowledgeable witnesses as required by Rule 30(b)(6). Even if defendant in good faith thought that the claims director would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its Rule 30(b)(6) designation became apparent during the course of the deposition. *R.J.F. Fabrics, Inc. v. U.S.*, 657 F.Supp. 1291, 1294 n. 6 (C.I.T.1987). For the following reasons, defendant should have acted immediately. The deposition notice was limited and specific so that the

responsibility for error would be defendant's not plaintiff's. Moreover, plaintiff's counsel had traveled out of state to defendant's offices in order to conduct the deposition so that defendant was in a better position to take care of exigencies. Finally, defendant has not advanced any legitimate reason for failing to provide a knowledgeable substitute at the deposition. Defendant's refusal to suggest and take reasonable corrective action was unreasonable under the circumstances of this case and violates the obligations imposed on it by Rule 30(b)(6).

■ Defendant suggests that it was sufficient to supply the information in its written answer to interrogatory no. 30. Nothing in the Federal Rules of Civil Procedure gives a party the right to not respond or inadequately respond to a Rule 30(b)(6) deposition notice or subpoena request and elect to supply the answers in a written response to an interrogatory. An attempt to so limit a Rule 30(b)(6) deposition is not warranted. Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored. Even if the Court were to consider approving such a procedure, defendant must first obtain a protective order pursuant to Rule 26(c), Fed.R.Civ.P., which it has not done. Nothing in the instant case convinces the Court that defendant's actions in this case were justified.

■ The appropriate relief may be granted pursuant to Rule 37(a)(4), Fed.R.Civ.P. An inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question. Among the other remedies, the Court can require the corporation to re-designate its witnesses and mandate their preparation for re-deposition at the corporation's expense. *Federal Deposit Ins. Corp. v. Butcher, supra.* Because defendant unreasonably refused to satisfy plaintiff's Rule 30(b)(6) deposition request, defendant will be required to produce such knowledgeable persons so that

plaintiff may complete the deposition. Defendant may fly plaintiff's counsel, at its expense, including compensation for travel time, to its headquarters in Pennsylvania or else produce the persons in Greensboro, North Carolina, for further deposition.[4]

After obtaining the additional information from defendant concerning the burden in producing a list of claims files, plaintiff can then re-evaluate whether it should bring a further motion to compel. For guidance, plaintiff is informed that should it appear that defendant can demonstrate the burden to it would be as is set out in defendant's answer to interrogatory no. 30, the Court will deny plaintiff's request to compel. Furthermore, even if the information can be obtained relatively inexpensively from a computer search, plaintiff may still be denied access to the information unless a feasible plan can be found for inexpensively retrieving and reviewing the claims files under a protective order.

IT IS THEREFORE ORDERED that plaintiff's motion to compel defendant to provide additional answers to its discovery requests for litigation and claims histories is denied, except that defendant is hereby directed to forthwith further respond to plaintiff's Rule 30(b)(6), Fed.R.Civ.P., deposition request as is more fully set out in the body of this Order.

---

**4.** While the Court does not condone defendant's actions in this case, it also requests the parties to try and resolve the matter without further expenditure of time and resources. Therefore, defendant will be directed to make its personnel available to plaintiff telephonically so that plaintiff can determine whether in fact there is a need for a further deposition of defendant's personnel. It may well be that upon talking to defendant's personnel, plaintiff will be satisfied or find it sufficient if such personnel file a supplemental answer to interrogatory no. 30 setting out the burdens defendant would face in trying to retrieve the information.