UNITED STATES of America, Plaintiff
and Counter–Defendant,

Environmental Defense, North Carolina
Sierra Club, North Carolina Public Interest
Research Group, Intervenor–
Plaintiffs,

v.

DUKE ENERGY CORPORATION,
Defendant and Counter–
Claimant.

No. 1:00 CV 1262.

United States District Court,
M.D. North Carolina.

April 11, 2003.

Gill P. Beck, Office of U.S. Attorney, Greensboro, NC, Daniel C. Beckhard, Katherine E. Konschnik, U.S. Department of Justice, Lois J. Schiffer, U.S. Department of Justice, Environmental & Natural Resources Div., Robert A. Kaplan, Sonja Petersen, Jason Dunn, John C. Cruden, Deborah Behles, James R. Macayeal, U.S. Department of Justice, Environmental Enforcement Sect., Washington, DC, Alan Dion, U.S. Environmental Protection Agency, Atlanta, GA, for U.S.

Daniel W. Fouts, Robert Harper Heckman, Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, NC, Albert Diaz, Hunton & Williams, T. Thomas Cottingham, III, Nash E. Long, III, Wood W. Lay, Hunton & Williams, Charlotte, NC, Gary Stephen Rice, Duke Energy Corp., Charlotte, NC, Mark B. Bierbower, Henry V. Nickel, William F. Brownell, Makram Jaber, Hunton & Williams, Washington, DC, for Duke Energy Corp.

## ORDER

ELIASON, United States Magistrate Judge.

Plaintiff United States of America ("United States") has filed a second motion for a protective order (docket no. 92) to limit discovery so that the United States need not produce documents from the Department of Energy ("DOE") or, in the alternative, that the United States may limit its production of documents from the DOE to those documents located in the WEPCo docket. The United States shows that this case is one in which defendant Duke Energy Corporation ("Duke Energy") made modifications to seven power plants in North Carolina and one in South Carolina. The United States contends that Duke Energy was required to use the best available control and emissions technology but did not do so. In general, Duke Energy counters that the United States Environmental Protection Agency ("EPA") is attempting to change the rules in the middle of the game and did not provide fair notice of its interpretation of the modification regulations.

Plaintiff states that this discovery is overbroad, irrelevant, and burdensome in relation to any perceived benefit. It points out that two federal courts, one in the Southern District of Illinois and the other in the Southern District of Indiana, have denied similar re-

quests or permitted the United States to satisfy its obligation by producing the entire docket for the EPA's WEPCo rule-making administrative file. Plaintiff argues that documents located at the DOE are irrelevant since it is the EPA which makes the decisions. To the extent that Duke Energy argues that it needs the documents because of a fair notice defense, plaintiff responds that this defense cannot be bolstered by what defendant did not know and, therefore, if Duke Energy did not already have the documents, producing any documents from the DOE files would be irrelevant to the defense, citing *United States v. Hoechst Celanese Corp.*, 128 F.3d 216 (4th Cir.1997), *cert. denied*, 524 U.S. 952, 118 S.Ct. 2367, 141 L.Ed.2d 736 (1998). Plaintiff also argues that a search of all files from a cabinet level agency would be overly burdensome and that any benefit would be outweighed by this burden.

Defendant responds that these documents could be relevant because some DOE personnel may have been present when some decisions were made by the EPA to determine its present interpretation of the Clean Air Act modification rules at issue in this case. Duke Energy says that it already has access to the WEPCo rulemaking docket and that it will limit its requests to documents from the DOE relating to the modification rules. Duke Energy claims that the documents sought are relevant, not just to the fair notice issue, but also to the EPA's change in its interpretation of the modification rules, and the deference to be accorded to the current interpretation by the EPA.

Duke Energy appears to premise its argument on the proposition that all statements and positions taken by any EPA employee are relevant to the interpretation of the modification rules. However, most employee statements will be made as part of the deliberative process and are shielded from disclosure because they do not reflect the final rules. Duke Energy apparently wants to use employee comments in order to show that the final rules do not have full support among all employees of the EPA. (As will be discussed later, the Court rejects that rationale.)

The Court finds that the burden to the EPA or the DOE far outweighs the relevance of these documents. The starting point in ruling on discovery disputes is Fed.R.Civ.P. 26(b)(1) which provides: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." The rule further provides: "All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." The Advisory Committee Notes indicate that this last sentence was added in order to emphasize that courts should look to the limitations provided in those subsections as a way of settling discovery disputes. Although courts had used these provisions prior to the 2000 Amendments, *see Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C.1989), the Advisory Committee sought to emphasize the desirability and advisability of courts referring to these limitations in deciding disputes. The Rule 26(b)(2) limitations serve to instruct the Court to consider restricting the extent and frequency of discovery methods to the degree the Court finds the discovery to be unreasonably cumulative, duplicative, or obtainable from other more convenient sources, or in a less burdensome or expensive way. The limitations provide for a burden and expense analysis in order to determine whether the likely benefit of the discovery information would outweigh the expense of procuring it, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake, and the potential for the discovery to resolve those issues.

In the present case, the Court finds the likely relevance and benefit of any of the discovery requested is far outweighed by the burden. As plaintiff points out, the expense of requiring a cabinet agency to search all of its files for particular documents is enormous. Moreover, the EPA made the rules and regulations in this case. The documents concerning the interpretation of the modification rules would necessarily be in EPA files and, by this time, have undoubtedly been turned over. Perhaps Duke Energy is looking for documents that were not kept by the EPA which may be in DOE files. However, there is no indication that there has been a loss of documents which would require a

**394**

massive search in the files of a not directly related entity.

To the extent that the files contain the comments of DOE personnel that are not in agreement with the modification rules adopted by the EPA, the Court finds minimal relevancy compared to the burden of the request. Statements made by DOE employees who have no decision-making responsibility for the rules would seem to have no relevance whatsoever. As plaintiff points out in its reply brief, and as the Court has already observed, "government agencies such as plaintiff express changes in policy through final decisions." *United States v. Duke Energy Corp.,* 1:00CV1262 (M.D.N.C. Dec. 20, 2002). Staff correspondence which do not even rise to the level of informal advice or opinion letters do not constitute agency interpretation. *See generally Heimmermann v. First Union Mortg. Corp.,* 305 F.3d 1257, 1261 (11th Cir.2002); and *Diaz v. I.N.S.,* 648 F.Supp. 638, 645 (E.D.Cal.1986). Duke fails to show that discovery involves any final or publicly issued documents that it does not already have. Also, to the extent defendant wants to rely on inconsistent "interpretations" contained in DOE files, the information is irrelevant unless it can show both contemporaneous knowledge of and reliance on the allegedly inconsistent interpretations. *Hoechst Celanese,* 128 F.3d 216, 228 (4th Cir.1997).

The Court recognizes that Duke Energy has substantially limited its production requests to certain specific offices of the DOE. Nevertheless, the time period is extensive, being from 1980 through 1999. The object of the discovery should be to obtain the EPA's understanding or position with respect to maintenance rules issues. All in all, the Court finds that the relevance, if any, of Duke Energy's modified discovery requests seeking communications from DOE files, is outweighed by the burden of production and, therefore, plaintiff's request for a protective order will be granted.

**IT IS THEREFORE ORDERED** that plaintiff United States of America's second motion for a protective order (docket no. 92) is hereby granted, and that defendant Duke Energy Corporation's request for documents set out in Request No. 160, or as modified by

defendant, need not be answered and documents need not be produced.