Patricia A. **FLANAGAN**, Plaintiff,

v.

**TRAVELERS INSURANCE COMPANY**, Defendant.

No. Civ. 84–860T.

United States District Court, W.D. New York.

June 25, 1986.

Thomas A. Fink, Davidson, Fink, Cook & Gates, Rochester, N.Y., for plaintiff.

Anne Smith Simet, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., for defendant.

## MEMORANDUM DECISION AND ORDER

DAVID G. LARIMER, United States Magistrate.

By order dated September 30, 1985, United States District Judge Michael A. Telesca referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for the supervision of discovery. The following constitutes my Memorandum Decision and Order with respect to plaintiff's motion to compel discovery.

### Background

Plaintiff, Patricia Flanagan, (Flanagan) instituted this gender and age-based employment discrimination action against Travelers Insurance Company (Travelers) on July 25, 1984. Plaintiff alleges that Travelers willfully terminated her employment because of her age and gender in violation of § 4(a)(1) of the Age Discrimination and Employment Act (hereafter ADEA) (29 U.S.C. § 623[a]) and Title VII

of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq.*]); that, during the last four years of her employment (1978–1982), Travelers paid her at a lower rate than comparably situated male employees in violation of the Equal Pay Act (29 U.S.C. § 206[d]); that, during 1980–1982, defendant retaliated against plaintiff for her complaints of employment discrimination, in violation of 29 U.S.C. § 623(d) and 42 U.S.C. § 2000e–3(a); and that defendant breached Flanagan's employment contract.

Flanagan was hired by Travelers on July 7, 1952. From 1952 until the early 1970's, she worked in various clerical positions within the company. In the early 1970's, she was promoted to the position of Claims Representative. (Flanagan Affidavit, ¶ 3–4, dated September 26, 1985). From 1977 through mid–1978, Flanagan was a Claim Processor in the Rochester, New York Health Unit. In July of 1978, she was transferred to the Dental Unit. Up until this point, Flanagan had "apparently performed satisfactorily" (Ex. A, Deft.'s Notice of Motion and Motion for Summary Judgment, filed September 12, 1985). However, when she was transferred it appears that she began experiencing difficulties in mastering the use of the CRT computer system that was used in the Dental Unit. Flanagan's mid-year reviews during 1980, 1981 and 1982, were unsatisfactory; her overall evaluation classification was "needs to improve".

On October 18, 1982, Travelers announced that the Health Unit of the Rochester office was being consolidated with the Albany office. In connection with that consolidation, Travelers informed Flanagan, who at that time was again assigned to the Health Unit, that her employment with Travelers would terminate on December 31, 1982.

Flanagan claims that other employees who were also notified of their termination in connection with this office consolidation were later offered transfers to other offices or to the Dental Unit in the Rochester office. Flanagan contends that she requested such a transfer but the request was denied.

Although plaintiff's complaint alleges willful termination, it appears that the focus of her complaint now deals with the circumstances before and after her notification of termination in connection with the office consolidation, particularly the fact that she was not offered a transfer to the Dental Unit of the Rochester office or to any other office within the company whereas younger employees were offered transfers.

Plaintiff served defendant with her interrogatories on March 1, 1985. Defendant filed its answers and objections on April 12, 1985. Plaintiff moved to compel complete answers to the interrogatories on September 30, 1985. Following a number of attempts by the parties to resolve the matter amicably, the Court heard argument on March 9, 1986.

In response to plaintiff's interrogatories, defendant interposed three "continuing objections"[1] in addition to certain specific objections.

Based on these objections, defendant seeks to impose the following limitations on discovery.

---

**1.** "1. Travelers objects to each and every interrogatory which requires a response for the period prior to October 6, 1981 which is the earliest date to which liability could attach for alleged acts of discrimination."

"2. Travelers objects to each and every interrogatory to the extent that it seeks information regarding claims representatives in any other department than the Group Claims Department in Rochester, New York, on the ground that such information is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Consequently, any documents supplied or answers given herein are limited claim representatives in the Group Claims Department located in Rochester, New York."

"3. In addition to lack of relevancy, Travelers objects to the interrogatories on the ground of undue burdensomeness and oppression as to each and every request or interrogatory which seeks information beyond the classifications noted in paragraphs 1 and 2, *supra.*"

(1) Limitation of discovery to the position of Claim Representative and to the Rochester, New York Group Claim office

(2) Limitation of discovery to two years prior to plaintiff's filing of its EEOC complaint; and

(3) Prohibition of discovery of defendant's prior "litigation history".

### Discussion

1. *Law of the Case.* In a letter dated April 28, 1986 to Judge Telesca, plaintiff's counsel stated that "[t]he plaintiff has conceded that the layoff that occurred was not motivated by a discriminatory motive." (Fink letter, dated April 28, 1986). In a Decision and Order, dated May 2, 1986, denying defendant's motion for reconsideration of the denial of summary judgment, Judge Telesca took note of this concession. "In her response to this motion, Flanagan concedes that her layoff was not motivated by any discriminatory purpose. Rather, she contends that, after she received notice of the layoff decision, her request for a transfer was denied, even though the company decided to retain and transfer much younger employees who had also received 'final' notice of their termination." *Flanagan v. Travelers Insurance Company*, No. 84–860T, slip op. at 1 (W.D.N.Y. May 2, 1986) [Available on WESTLAW, DCTU database].

In the context of the pending discovery motion, defense counsel now argues that plaintiff's "concession" is the "law of the case" and that discovery should be restricted.

It does appear that plaintiff has conceded that her layoff was not caused by discriminatory motives. She relies instead on the defendant's failure to transfer her when the office closed. Judge Telesca certainly construed plaintiff's counsel's letter in that fashion and it may well be that proof at trial will be limited accordingly.

Nevertheless it is well settled that "[d]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the is-

sues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). The benchmark for determining the discoverability of matters is the relevancy standard set forth in Fed. R.Civ.P. 26(b)(1). Regardless of the eventual interpretation and effect accorded plaintiff's concession by the District Court, I find that that concession does not drastically affect the scope, nature, or substance of the discovery sought by plaintiff in her interrogatories. As framed, plaintiff's interrogatories are not primarily directed toward discovery of information concerning plaintiff's termination. Plaintiff seeks information concerning the corporate structure of Travelers, the organizational groups that employed Claim Representatives and the corporate policy on transfer of employees. Such matters are relevant and discoverable, plaintiff's "concession" notwithstanding.

2. *Geographic and Employment Classification.* Defendant answered plaintiff's interrogatories only to the extent of providing information about the position of Claim Representative in the Rochester, New York office. Defendant contends that there is no justification for allowing discovery beyond plaintiff's individual work unit (Rochester, New York Group Claims office) or job classification (Claims Representative), where the plaintiff alleges only an individualized disparate treatment claim. (Defendant refers to this as its second "continuing objection".) In support of this position, defendant has cited to the Court numerous cases in which discovery has been limited to the plaintiff's individual work unit, or facility. *James v. Newspaper Agency Corp.*, 591 F.2d 579 (10th Cir.1979); *Marshall v. Westinghouse Electric Corp.*, 576 F.2d 588 (5th Cir.1978); *EEOC v. Packard Electric Division, General Motors Corp.*, 569 F.2d 315 (5th Cir.1978); *Robbins v. Camden City Board of Education*, 105 F.R.D. 49 (D.N.J.1985); *Witten v. A.H. Smith & Co.*, 100 F.R.D. 446 (D.Md. 1984); *Prouty v. National Railroad Passenger Corp.*, 99 F.R.D. 545 (D.D.C. 1983); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D.Pa.1979); *Goeth v. Gulf Oil*

*Corp.,* 19 F.E.P. Cases 1710 (S.D.Tx.1979); *Duncan v. State of Maryland,* 78 F.R.D. 88 (D.Md.1978); *Halder v. IT & T,* 75 F.R.D. 657 (E.D.N.Y.1977).

However, the vast majority of the cases relied on by defendant are factually distinguishable from the instant case.

 This is not a case in which the employing unit or office operates independently of other offices. *See, e.g., Duncan,* 78 F.R.D. 88 (individual employment decisions affecting staff and faculty made at employing campus by Chancellor of that campus); *McClain,* 85 F.R.D. 53 (separate collective bargaining agreement governed terms and conditions of plaintiff's employment); *Goeth,* 19 F.E.P. Cases 1710 (defendant's oil facilities operated independently as to management, personnel, employment records, hiring, firing, promoting, and other employment practices); *Robbins,* 105 F.R.D. 49 (tenure decision made by district Superintendent; accordingly, district-wide discovery appropriate); *Witten,* 100 F.R.D. 446 (court indicated that scope of discovery might be restricted if record supported defendant's argument that the three corporate defendants operated independent of one another with respect to terms and conditions of employment). Quite to the contrary, it is evident that policy concerning personnel was dictated from Traveler's main office in Hartford, Connecticut. (See Exs. B, D, I, J, L, Plaintiff's Motion to Compel). Furthermore, unlike the situation in several cases relied on by defendant, Travelers has introduced no detailed affidavit demonstrating the burden connected with producing the material.

 Fed.R.Civ.P. 26 is not to be interpreted so as "to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." Fed.R.Civ.P. 26 Advisory Committee Note. This is particularly true in Title VII cases where the imposition of unnecessary discovery limitations is to be avoided. *Trevion v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983); *Robbins,* 105 F.R.D. at 55. Although defendant claims that much of the information sought by plaintiff is irrelevant, relevance, for purposes of Rule 26, cannot be equated with admissibility at trial or ultimate probativeness. *McClain,* 85 F.R.D. at 61.

Limitation of discovery to the classification of Claim Representative Group Claims office would be tantamount to no discovery at all. As of October 1, 1982, there were 35 employees in the Rochester Group Claim office, and only 1 of these employees, plaintiff, was classified as a Claim Representative. (Ex. C, Plaintiff's Motion to Compel), filed September 30, 1985). Although defendant claims plaintiff's job responsibilities were individually tailored to her particular situation, defendant classified plaintiff as a Claim Representative. Plaintiff is entitled to discovery regarding defendant's treatment of all other Claim Representatives, regardless of which group or organizational unit they worked in. Defendant has acknowledged that Claim Representatives are employed in the Group Claims section and the Property Casualty section within the Rochester, New York office. (Defendant's Responses to Plaintiff's Interrogatories, # 3). If that classification is used elsewhere in defendant corporation, defendant is directed to provide such information in response to plaintiff's interrogatories.

Although plaintiff has alleged individual disparate treatment in connection with her salary, the circumstances of the office consolidation (termination and transfer), and retaliatory treatment as a result of discrimination complaints, such claims, of necessity, require discovery of and comparison with the treatment accorded other employees. *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617, 618 (D.D.C.1983).

[D]iscovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats *all* of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for con-

cluding that the difference in treatment is predicated on race, sex or some other prohibited grounds of unlawful discrimination. [citations omitted].

*Id.,* at 619.

Comparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10th Cir.1975). "A plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim." *Marshall,* 576 F.2d at 592.

Plaintiff's discovery requests are tailored to the issues in this case. They are generally restricted to the practices at issue—transfers, pay scale, job disposition in connection with office consolidation—and to similar employees—Claim Representatives, other Rochester Group Claims employees affected by the office consolidation, and other employees who have transferred pursuant to the corporate policy on transfers.

In light of the factual circumstances of this case, limitation of discovery to the Rochester, New York Group Claims office would be unreasonably restrictive.

Therefore, defendant's second "continuing objection" limiting discovery to Rochester is rejected. The scope of plaintiff's discovery shall be limited to the Northeast Region of defendant corporation.[2] This would seem sufficient to provide plaintiff with the type of comparative information necessary.

In response to Interrogatories seeking information regarding the position of Claim Representative or the treatment of other Claim Representatives, defendant is directed to provide that information for all such positions or persons within the Northeast Region regardless of the organizational unit in which such persons are employed. Notwithstanding this general limitation, defendant *shall* fully respond to Interrogatory #1 and provide plaintiff with a general description of the organizational structure of Travelers Insurance Company.

3. *Limitation of Discovery Prior to October 6, 1981.* Section 2000e–5(g), in part, provides that "[b]ackpay liability shall not accrue from a date more than two years prior to the filing of a charge with the [Equal Employment Opportunity] Commission." 42 U.S.C. § 2000e–5(g). Relying on this section, defendant objects to providing any information regarding events that occurred prior to October 6, 1981, two years before plaintiff filed her complaint with the EEOC.

■ Although the court in *Zahorik v. Cornell University,* 98 F.R.D. 27 (N.D.N.Y.1983), relying on § 2000e–5(g), imposed such a limitation, I decline to do so. *See generally, Trevion v. Celanese Corp.,* 701 F.2d 397 (5th Cir.1983).

The legislative history of the 1972 amendment establishing the backpay accrual date in no way indicates that this damage provision was intended to limit the scope of discovery or proof at trial. *See* H.R.Rep. No. 92–238, 92nd Cong. 1st Sess., *reprinted in* 1972 U.S.Code Cong. & Ad. News 2137, 2162. In any event, in addition to her Title VII claims, plaintiff has alleged violations of 29 U.S.C. § 623(a) and 29 U.S.C. § 206(d), which clearly should not be limited by a remedial provision of Title VII.

In general, plaintiff seeks discovery during the period from 1978 through her termination in 1982. This five-year time span is not overbroad and mirrors the time peri-

---

**2.** This court was not provided with any information regarding the corporate organization of Travelers. Exhibit L, attached to Plaintiff's Motion to Compel is a letter from J.V. Sterlein, Regional Director, Northeast Region, which is the only reference this court found to an appropriate organizational unit, other than the Rochester, New York office.

Upon completion of further discovery, the parties may be able to agree on an appropriate alternative regional area within which to conduct meaningful discovery. Absent such an agreement or other application, discovery should be limited to defendant's Northeast Region.

od during which she claims to have received less pay than comparably situated male employees and to have been subjected to retaliation because of her complaints regarding discriminatory treatment.

Therefore, defendant's first "continuing objection" is also rejected. The temporal scope of plaintiff's interrogatories is limited to the period from 1978 through 1982, and defendant is directed to respond accordingly.

4. *Defendant's Litigation History.* Defendant has declined to respond to Interrogatory 24, in which plaintiff seeks information regarding gender or age discrimination complaints filed by any employee, applicant, or any other person with any governmental agency, and to Interrogatory 25, in which plaintiff seeks information regarding any civil action filed against defendant charging it with gender or age discrimination. Defendant objects on the grounds that such information is not relevant, is burdensome, and violates the privacy rights of its employees.

Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, *Liberman v. Gant,* 630 F.2d 60, 68 (2d Cir.1980) and is therefore discoverable pursuant to Fed.R.Civ.P. 26(b)(1). *Zahorik,* 98 F.R.D. at 31. Although defendant claims a "burden" in producing this material, there are no specific factual allegations by defendant to support the claim. Therefore, defendant is not excused from responding to these requests because of any claimed burden. *Ylla v. Delta Airlines,* 25 FEP 746, 753 (N.D.Ga.1977).

This court has carefully considered the privacy rights of complainants and has concluded that disclosure in accordance with the terms of this decision and order will not transgress those rights. Any information discovered during the course of these proceedings should only be utilized in connection with this litigation and not disseminated in any manner. The parties are free to fashion an appropriate protective confidentiality order if this is necessary.

With respect to Interrogatory 24, plaintiff's request for administrative complaints filed by *all* job applicants and *all* other persons "seems one step beyond the parameters of relevance in its broadest sense." *McClain,* 85 F.R.D. at 62. Accordingly, defendant is not required to provide plaintiff with such information.

However, defendant is directed to respond to Interrogatory 24(a) with respect to any administrative gender-or age-based complaint filed between 1978 and 1982, inclusive, by any of its *employees* in the Northeast Region.

With respect to Interrogatory 24(b), defendant is required to answer fully subparagraphs (i)–(iii). *Jackson v. Alterman Foods,* 37 FEP 837 (N.D.Ga.1984); *Whalen v. McLean Trucking Co.,* 37 FEP 835, 836–837 (N.D.Ga.1983); *Resnick v. American Dental Association,* 90 F.R.D. 530 (N.D.Ill. 1981); *Jacobs v. Sea-Land Service,* 23 FEP 1179, 1181 (N.D.Calif.1980); *Catherman v. Reynolds Metals Co.,* 28 FEP 668, 669 (N.D.Ga.1980).

In response to subparagraph (iv) requesting "the nature and substance of the Complaint", defendant need only provide plaintiff with the particular practice involved in the complaint, e.g., discrimination in connection with transfers or promotions. In response to subparagraph (v), defendant need only provide plaintiff with the date of disposition and a summary indication of the nature of the disposition, e.g., settlement. Defendant need not disclose any EEOC investigative reports or settlement discussions. *See Jacobs,* 23 FEP at 1181.

With respect to Interrogatory 25, plaintiff seeks to discover whether defendant has been a party to any civil action in which it has been charged with age discrimination. "[O]nce a discrimination suit reaches the litigation stage, the process becomes a public one." *Johnson v. Southern Railway Co.,* 19 EPD ¶ 9076, 6645 (N.D.Ga.1977); *McClain,* 85 F.R.D. at 62. In light of the fact that the information sought by plaintiff is a matter of public record, defendant is directed to respond fully to Interrogatory 25(a) and (b) with

respect to any civil action filed against it alleging age discrimination, which was filed between 1978 and 1982, inclusive, by any employee or former employee who was employed in the Northeast Region of defendant corporation.

The Second Circuit has clearly stated that evidence of an employer's general pattern of discriminatory treatment is relevant in an individual disparate treatment case. *Lieberman*, 630 F.2d at 63. It is evident to this court that such evidence may be garnered by reference to other similar lawsuits filed against defendant. Inasmuch as disclosure of this information may reasonably lead to the discovery of other admissible evidence, Fed.R.Civ.P. 26(b)(1), defendant is directed to respond fully to Interrogatory 25 for the Northeast Region. *Jackson*, 37 FEP 837; *Whalen*, 37 FEP 835; *Catherman*, 28 FEP 668; *see also, Zahorik*, 98 F.R.D. at 31.

### Conclusion

Accordingly, plaintiff's motion to compel discovery is granted in part and denied in part consistent with this decision. Defendant is directed to supplement its response to plaintiff's interrogatories within thirty days of entry of this decision and order.

SO ORDERED.