**Dee LYOCH, Plaintiff,**

v.

**ANHEUSER–BUSCH COMPANIES, INC., Defendant.**

**No. 4:94CV1384 JCH.**

United States District Court,
E.D. Missouri,
Eastern Division.

Sept. 11, 1995.

---

Lisa S. Van Amburg, Partner, Schuchat and Cook, St. Louis, MO, Mary Anne O. Sedey, President, Mary Anne Sedey, P.C., St. Louis, MO, for plaintiff.

Doreen D. Dodson, Partner, H. Kent Munson, Partner, Susan Nell Rowe, Partner, Stolar Partnership, St. Louis, MO, Gerard T. Carmody, Lisa D. Martin, Timothy A. Garnett, Bryan Cave, St. Louis, MO, for defendant.

### MEMORANDUM AND ORDER

HAMILTON, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Compel Discovery. Defendant opposes this motion. In accordance with Local Rule 7, Plaintiff's counsel certifies that she has unsuccessfully attempted to resolve this discovery dispute with Defendant.

## BACKGROUND

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*, as amended by the Civil Rights Act of 1991, and the Age Discrimination in Employment Act as amended, 29 U.S.C. § 621 *et. seq.* Plaintiff was employed by Defendant for thirty-three years. Plaintiff accepted an enhanced early retirement plan that became effective December 31, 1993. In July of 1992, Plaintiff filed a charge of discrimination with the EEOC and the Missouri Commission on Human Rights alleging that Defendant discriminated against her on the basis of her age and sex and that Defendant engaged in a pattern and practice of discrimination. Plaintiff alleges that as a result of Defendant's discriminatory practices, she was unable to penetrate an alleged "glass ceiling," or to achieve a Grade Level 25.

In 1994, Plaintiff commenced this cause of action alleging disparate treatment, retaliation, and a company-wide pattern and practice of preventing women from penetrating an alleged glass ceiling. Plaintiff seeks punitive damages and damages for emotional distress.

## MOTION TO COMPEL DISCOVERY

Plaintiff seeks an order compelling Defendant to answer Interrogatory Numbers 1, 2, 4, 5, and 6 of Plaintiff's First Interrogatories to Defendant. Additionally, Plaintiff seeks an order compelling Defendant to produce documents responsive to Request Numbers 3, 4, 5, 6 and 12 of Plaintiff's First Request for Production of Documents.

 Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." *Id.* The scope of discovery is not confined to " 'issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues.' " *Flanagan v. Travelers Insurance Company,* 111 F.R.D. 42, 45 (W.D.N.Y.1986) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Courts have treated discovery requests in employment discrimination cases liberally. *Finch v. Hercules, Inc.,* 149 F.R.D. 60, 62 (D.Del.1993). "[T]he necessity for liberal discovery to clarify the complex issues encountered in litigation seeking to redress employment discrimination has been widely recognized." *Id.* (citing *Marshall v. Electric Hose and Rubber Co.,* 68 F.R.D. 287, 295 (D.Del.1975)). In such cases, the plaintiff must be given access to information that will assist the plaintiff in establishing the existence of the alleged discrimination. *Runyan v. Sybase, Inc.,* No. 93–0368, 1993 WL 377062, *4 (E.D.Pa., Sept. 16, 1993); *Flanagan v. Travelers Insurance Co.,* 111 F.R.D. 42, 45 (W.D.N.Y.1986) (stating that courts should avoid imposing unnecessary limits on discovery in Title VII cases.) Thus, the scope of discovery must go beyond the specifics of the plaintiff's claim. *Runyan,* 1993 WL 377062, at *4 (citing *Clarke v. Mellon Bank, N.A.,* No. 92–4823, 1993 WL 170950 (E.D.Pa., May 11, 1993)).

Despite the broad scope of discovery in employment discrimination cases, courts have recognized the need for limitations on such discovery.

> Courts have imposed restrictions as to time period, . . . the employing facility or work unit of the plaintiff, . . . the job category to which the plaintiff belongs, . . . the type of action by which the plaintiff was aggrieved such as hiring, promotion, discharge, . . . and the type of discrimination alleged, such as race, age, or sex.

*Young v. Lukens Steel Co.,* No. 92–6490, 1994 WL 45156, *3 (E.D.Pa., February 10, 1994) (citations omitted). Remaining mindful of these principles, the Court turns to Plaintiff's Motion to Compel.

## ANALYSIS

### I. Plaintiff's First Interrogatories to Defendant

#### A. Interrogatory Number 1

Plaintiff's Interrogatory No. 1 requests Defendant to provide the following information:

> 1. Identify all jobs in [Anheuser–Busch Companies, Inc., (hereinafter "ABI")], Grade level 25 or above which became

available or were filed after January 1, 1986.

a. For each such job, identify the name of the person awarded the position, the date the position was awarded, the Grade Level of the position, the salary paid to the person assigned the position; the name(s) of the person who decided to award the individual the position.

b. For each person listed in response to 1(a) above, identify and produce, pursuant to Plaintiff's Request # 9, all documents which reflect the person's educational background, job experience, Performance Reviews, Management Reviews, salary and job history, or the person's personnel file if it contains the information requested.

Defendant objects to Interrogatory No. 1 on grounds that it is overbroad, burdensome and seeks irrelevant information. Defendant contends that Plaintiff is engaging in a "fishing expedition" and is attempting to transform this individual Plaintiff's suit into a class action. Defendant also objects to Interrogatory No. 1 because "Plaintiff cannot demonstrate that she was ever qualified for or an applicant for 'all jobs in ABI, Grade Level 25 or above. . . .' " Defendant further objects to producing any documents prior to July of 1990, two years before the date Plaintiff filed her charge of discrimination with the EEOC.

### 1. Burdensome

■ Defendant objects to Interrogatory No. 1 as burdensome because Defendant does not maintain employee information in the format Plaintiff requests. In *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 306 (5th Cir.1973), the defendant objected to a similar discovery request as burdensome. The defendant argued that even if the information sought by plaintiff was relevant to his claim, that the burden of "compiling, assimilating, and synthesizing voluminous employment records into cogent responsive answers to the interrogatories outweighs the utility of the information." *Id.* The Fifth Circuit rejected defendant's argument and held that although complying with the discovery request may be burdensome, the information's

relevancy and utility to the plaintiff outweighed the burden to defendant.

Similarly, in this case, the information sought in Interrogatory No. 1 is relevant to Plaintiff's claim and its benefit to her case outweighs the burden to Defendant of producing the information.

### 2. Class Action

■ Defendant also objects to Interrogatory No. 1 on grounds that this case is brought by an individual plaintiff as opposed to a class. Therefore, Defendant asserts, Plaintiff is not entitled to job information of similarly situated employees. This objection is without merit. Plaintiff alleges a pattern and practice of discrimination. She seeks statistical information regarding Defendant's employment practices to establish the existence of such a pattern of discrimination. "It is well settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation." *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir.1990). Statistical data is relevant to establishing an employer's pattern of conduct and may facilitate a determination as to whether the employer has discriminated against a particular individual as well as an entire class. *Hollander*, 895 F.2d at 84 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05, 93 S.Ct. 1817, 1825–26, 36 L.Ed.2d 668 (1973)). "Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Hollander*, 895 F.2d at 84.

■ In this case, Plaintiff alleges a pattern and practice of discrimination. Although Plaintiff has alleged individual disparate treatment, "[c]omparative information is necessary to afford plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of defendant's conduct." 111 F.R.D. at 47 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Rich v.*

*Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975)). Information regarding the hiring and promoting of similarly situated employees at ABI is relevant to Plaintiff's claim and should be provided to Plaintiff.

### 3. Application or Qualification for Promotions

 Defendant further objects to Interrogatory No. 1 on grounds that Plaintiff is not entitled to information regarding promotions unless Plaintiff first demonstrates that she applied and was qualified for such promotions. In support of her motion to compel, Plaintiff has submitted evidence that ABI had no formal application process for promotions above Plaintiff's job level. (*Lyoch Aff.*) In such a situation, Plaintiff need not have applied for a particular position. *Chambers v. Wynne School Dist.*, 909 F.2d 1214, 1217 (8th Cir.1990). Moreover, in certain circumstances an informal hiring process itself can be circumstantial evidence of discrimination. *EEOC v. Metal Service, Co.*, 892 F.2d 341, 350 (3rd Cir.1990).

 Similarly, it is not necessary for Plaintiff to show that she was qualified for the positions about which she seeks information where, as here, the employer had an informal hiring process. *EEOC v. Metal Service Co.*, 892 F.2d at 350. In this case, Plaintiff is not required to show that she was qualified for the promotions about which she seeks information in order to receive such information from Defendant.

### 4. Time Period

 Defendant also objects to the time period for which Plaintiff seeks information. Plaintiff seeks information dating back to January 1, 1986. As of that date, Plaintiff had occupied her highest grade level for four years. Information regarding Defendant's employment practices prior to Plaintiff's employment may be relevant to establishing a pattern or practice of discrimination and showing that Defendant's proffered reason for disparate treatment is a pretext for discrimination. (*Phillip v. ANR Freight Sys. Inc.*, 945 F.2d 1054, 1056 (8th Cir.1991), *cert. denied*, 506 U.S. 825, 113 S.Ct. 81, 121 L.Ed.2d 45 (1992)). Plaintiff is entitled to information that will help establish a record of promotions of similarly situated employees at ABI.

### 5. Invasion of Privacy

 Finally, defendant objects to Interrogatory No. 1 on grounds that the information requested therein will reveal employees' salary information. Employee salary information may be relevant to an age discrimination claim. *See Leftwich v. Harris–Stowe State College*, 702 F.2d 686, 691 (8th Cir. 1983) ("If the existence of such higher salaries can be used to justify discharging older employees, then the purpose of the ADEA will be defeated"). As such, this information is discoverable. The Court acknowledges Defendant's legitimate confidentiality concerns and finds under the circumstances that they can best be accommodated by requiring that all documents produced in response to Interrogatory No. 1 containing personnel and salary information be held confidential by Plaintiff and Plaintiff's counsel. If necessary, the parties may fashion a mutually agreeable protective order.

### B. Plaintiff's Interrogatory No. 2

Plaintiff's Interrogatory No. 2 requests Defendant to:

Identify all females in ABI, in jobs Grade 23 or higher, as of January 1, 1983, and as of January 1 of each year thereafter to and including January 1, 1994.

a. For each such female person, identify all jobs held by such person at ABI and the dates thereof:

b. The salaries paid to said person in each job identified in 2(a) above;

c. The grade level assigned to said person in each job identified in 2(a) above;

d. For each person listed in response to 2(a) above, identify and produce, pursuant to Plaintiff's Request to Produce # 9, all documents which reflect the person's education background, job experience, Performance Reviews, Management Reviews, salary and job history, or the person's personnel file, if it contains the information requested.

Defendant raises the same objections to Interrogatory No. 2 as it raised to Interrogatory No. 1. For the reasons set forth in Section I.A., the Court finds that Defendant's objections to Interrogatory No. 2 lack merit and will compel Defendant to respond to that Interrogatory.

### C. Plaintiff's Interrogatory No. 4

 Plaintiff's Interrogatory No. 4 provides "[a]s of July 1, 1992, identify all males in Marketing at ABI, in jobs assigned to Grade Level 21 or above." Defendant objects to Interrogatory No. 4 on grounds that Plaintiff's use of the phrase "marketing divisions at ABI" is unclear. Plaintiff informs that Court that the parties have resolved the confusion and have agreed as to the definition of the phrase marketing divisions. However, Defendant objects to providing information regarding the employment of males at or above Plaintiff's grade level on relevance grounds. The information requested in Interrogatory No. 4 is relevant to Plaintiff's claim in that it will show the career paths of employees promoted beyond Plaintiff's grade level. Such information is likely to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 4 because Plaintiff has not yet shown that she applied for or was qualified for marketing positions. Defendant raised this objection in opposition to Interrogatory No. 1. For the reasons set forth in Section I.A., the court finds this objection without merit and will compel Defendant to respond to Interrogatory No. 4.

### D. Plaintiff's Interrogatory No. 5

Plaintiff's Interrogatory No. 5 states: "As of July 1, 1992, identify all females in ABI, in jobs assigned Grade Level 21 or above." Defendant raises the same objections to Interrogatory No. 5 as it raised to Interrogatory No. 1. For the reasons set forth in Section I.A., the Court will compel Defendant to answer Interrogatory No. 5.

### E. Plaintiff's Interrogatory No. 6

 Plaintiff's Interrogatory No. 6 requests Defendant to "[i]dentify the person or persons with knowledge as to the reasons why plaintiff was not promoted since 1982." After initially objecting to Interrogatory No. 6 as seeking information for too broad of a time period, Defendant provided a supplemental answer pertaining to five positions to which Plaintiff was not promoted. Plaintiff claims that Defendant's supplemental answer is deficient in that for four of the five positions identified by Defendant, Defendant provides only the name of the position and states the Defendant is not aware that Plaintiff ever applied for such position. As previously discussed, Defendant has no formal application process with respect to positions above the grade level which Plaintiff occupied. Therefore, the Court finds Defendant's answer to Interrogatory No. 6 deficient and will order Defendant to provide a complete response to said Interrogatory including the reason Plaintiff was not promoted to each position.

## II. Plaintiff's Requests for Production of Documents

### A. Plaintiff's Request for Production No. 3

In Production Request No. 3, Plaintiff seeks "[a]ll personnel files of Mark Schulman and Tom Sobbe wheresoever located within ABI or ABC." Defendant agrees to produce the personnel file of Mark Schulman subject to a Protective Order protecting personal information. Defendant submitted a proposed protective order to the Court. (Deft's Exh. B to Opposition to Mtn. to Compel). The Court declines to enter Defendant's proposed protective order. In view of Defendant's legitimate confidentiality concerns, however, the Court will order the parties to fashion a mutually agreeable protective order and will order Defendant to produce Mark Schulman's personnel file subject thereto.

 Defendant objects to Interrogatory No. 3 to the extent it requests information regarding Tom Sobbe as overbroad, irrelevant and not reasonably calculated to lead to admissible evidence. Defendant also claims that such information is confidential. Plaintiff claims that Mr. Sobbe's personnel file is relevant because Mr. Sobbe was Plaintiff's supervisor for several years and signed her Management Reviews. Plaintiff claims that information contained in Mr. Sobbe's person-

nel file is relevant in that it may include evidence regarding the manner in which he treated other employees, complaints about his conduct, and actions taken by Defendant in response to such complaints. The Court agrees that the information in Mr. Sobbe's personnel file may be relevant to Plaintiff's claim and is reasonably calculated to lead to the discovery of admissible evidence. In view of Defendant's legitimate confidentiality concerns, the Court will order Defendant to produce Mr. Sobbe's personnel file subject to a protective order to be mutually agreed upon by the parties.

### B. Plaintiff's Request for Production No. 4

██ Production Request No. 4 seeks Technical Assistance Reports or similar reports consisting of statistical breakdown of officials and managers at ABI by grade, sex, and race for hires, terminations, promotions of employees of Anheuser Busch, Inc. for each of the following years: 1986, 1987, 1988, 1989, 1990, 1991, 1992, 1993, 1994. Defendant objects to this Request as burdensome and irrelevant. Defendant further objects on grounds that it no longer has reports for years prior to January 1, 1990. Finally, defendant objects to the request for information regarding race and terminations, neither of which are at issue in this case.

Plaintiff's attachment A to its Motion to Compel indicates that reports for years prior to 1990 exist. As the information contained in the Technical Assistance Task Force reports is relevant to Plaintiff's claim of a pattern and practice, Plaintiff is entitled to such reports. Therefore, the Court will order Defendant to produce such reports as are still within its possession. The Court declines, however, to order Defendant to produce reports that are no longer in its possession.

██ With respect to statistics on terminations, the Court finds that such information is relevant to establishing a pattern and practice of discrimination and will order Defendant to produce such information. The Court agrees, however, that as race is not an issue in this case, reports consisting of statis-

tical data on the basis of race alone need not be produced.

### C. Plaintiff's Request for Production No. 5

Request for Production No. 5 seeks: "[s]tudies, statistical or otherwise of management career path, promotion opportunities, characteristics of management level employees Grade 21 or above for Anheuser–Busch, Inc. since January 1, 1982, including but not limited to an ABI Marketing Career Development Study and associated reports or manuals produced in approximately 1982 or 1983 and any subsequent studies of career development of managers in ABI Marketing.

Defendant asserts the same objections to this request as it raised with respect to Interrogatory No. 1. For the reasons set forth in I.A., the Court will order Defendant to produce the information sought in Production Request No. 5. Defendant also objects to Production Request No. 5 on grounds that the term Marketing is vague. As previously discussed, the parties have resolved the confusion surrounding the term marketing.

### D. Plaintiff's Request for Production No. 6

Plaintiff's Request for Production No. 6 seeks "[a]ll computer disks, tapes, or other documents ... which contain payroll data for managers Grade Level 21 or above showing name, sex, job, title, salary of each manager in Anheuser–Busch Inc., for January 1, 1986 and January 1 for each succeeding year to and including January 1, 1994." Defendant raises the same objections to this request as it raised to Interrogatory No. 1. For the reasons set forth in Section I.A., the Court finds that these objections lack merit.

Defendant further objects on grounds that Plaintiff's use of the term manager is unclear. Plaintiff informs that Court that the parties have resolved the confusion over this term.

### E. Plaintiff's Request for Production No. 12

██ Plaintiff's Request for Production No. 12 seeks

"[a]ll documents reflecting upon or relating to all charged or complaints of sex and/or age discrimination against defendant Anheuser Busch, Inc., its agents or employees including, but not limited to, such charges or complaints filed or lodged with company personnel, the EEOC or other federal or state agencies or the courts."

Defendant objects to this request on grounds of attorney-client privilege. Plaintiff informs the Court that Defendant has agreed to identify those documents to which the privilege applies.

Defendant further objects that it should not be required to produce documents about other age or sex discrimination complaints because this case involves an individual Plaintiff not a class. As discussed in Section I.A. above, evidence of a pattern and practice of discrimination is relevant to an individual claim of discrimination as well as a class action suit. Complaints about discriminatory treatment are relevant to determining whether a pattern and practice of discrimination existed and affected the manner in which Plaintiff was treated. As Plaintiff has failed to limit the time period of Request No. 12, the Court will limit the scope of this request to the past five years beginning in 1990. For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery [docket # 12] is **GRANTED** in accordance with the terms of this Memorandum and Order and that within twenty (20) days of the date of this Memorandum and Order, Defendant respond to Interrogatory Numbers 1, 2, 4, 5, and 6 of Plaintiff's First Interrogatories to Defendant, and produce documents responsive to Request Numbers 3, 4, 5, 6 and 12 of Plaintiff's First Request for Production of Documents as set forth in this Order.