Michael CULKIN, Plaintiff

v.

PITNEY BOWES, INC., Defendant.

No. 3:03CV1865(CFD)(TPS).

United States District Court,
D. Connecticut.

Dec. 6, 2004.

Mary Alice S. Canaday, Michel Bayonne, Scott R. Lucas, Martin, Lucas & Chioffi, Stamford, CT, for Plaintiff.

John Gerard Stretton, Edwards & Angell, Stamford, CT, for Defendant.

### RULING ON PLAINTIFF'S MOTION TO COMPEL

SMITH, United States Magistrate Judge.

The plaintiff, Michael Culkin ("Culkin"), commenced this action against the defendant, Pitney Bowes, Inc. ("Pitney Bowes"), seeking damages arising out of the defendant's alleged harassment, discrimination, and retaliation during his employment in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*, and Connecticut State Law. (Compl.). Pending before the court is the Plaintiff's Motion to Compel and for Attorneys' Fees and Costs (Dkt.# 40) brought pursuant to Rule 37 of the Federal Rules of Civil Procedure. As explained below, that motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.**

The relevant facts are as follows. The plaintiff started working as a senior analyst

with Pitney Bowes at its worldwide headquarters in July of 2001. (Compl.¶ 6). He had received positive performance reviews until he had to work fewer hours and take periodic leave to attend to his ailing wife and daughter. (*Id.* ¶¶ 8–10, 20). After a period of probation, his employment was terminated. (*Id.* ¶ 24). Subsequently, he filed this complaint.

Pitney Bowes objects to two [1] of the plaintiff's document requests. The relevant document requests and objections are as follows:

*Document Request No. 14*

A copy of any and all documents in which defendant is a party and/or named in any administrative action or lawsuit in Connecticut involving a claim of FMLA discrimination or retaliation from 2001 to present

*Objection to Request No. 14*

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Information regarding litigation unrelated to Plaintiff, regardless of whether or not it may exist, is not likely to lead to the discovery of admissible evidence.

*Document Request No. 24*

A copy of any and all documents concerning or related to complaints of FMLA discrimination or harassment by anyone in plaintiff's department from 2001 to present.

*Objection to Request No. 24*

Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Information concerning leave requests by other employees and subsequent performance issues associated with these employees, issues which are unrelated to Plaintiff's claim, is not likely to lead to the discovery of admissible evidence. Moreover, because Plaintiff was stationed at Defendant's world headquarters, the laborious search Plaintiff requests would require that Defendant review, for a period of four years, each and every employee's file to determine whether that employee took "a leave of absence" and, if so, whether that employee was then subjected to performance warnings and/or a performance plan at some unspecified time in the future. Such a laborious task, given the size of Defendant's world headquarters and the lack of probative value associated with the information requested, renders this request overly burdensome and overly broad.

(Pl.'s Mem. Supp. Mot., 9/20/04, at 6–7). With this motion, Culkin seeks to compel responses to these requests.

### *Standard of Review*

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. It sets forth that

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed.R.Civ.P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir.1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y.1988).

A party may object to a request if it is "overly broad" or "unduly burdensome." 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2174, at 297 (2d ed.1994). To assert a proper objection on this basis, however, one must do more than "simply intone

---

**1.** Culkin's brief cites four document requests that were originally objected to by the defendant. However, Pitney Bowes represents that they have subsequently complied with two: Document Request Nos. 5 and 22. (D.'s Mem. Opp. Mot., 10/19/04, at 1). As such, the court will confine its review to Document Requests 14 and 24.

[the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y.1984). Instead, the objecting party bears the burden of demonstrating "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotation marks omitted). *See also Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)(stating that "the deposition-discovery rules are to be accorded a broad and liberal treatment").

If a party resists or objects to discovery, Rule 37(a) of the Federal Rules of Civil Procedure provides that the other party, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ." Fed.R.Civ.P. 37. The defendant, as the objecting party, bears the burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975). Moreover, the court is afforded broad discretion in deciding discovery issues. *See Wills v. Amerada Hess Corp.,* 379 F.3d 32, 41 (2d Cir.2004).

### Document Request No. 14

■ Through Document Request No. 14, the plaintiff seeks "[a] copy of any and all documents in which defendant is a party and/or named in any administrative action or lawsuit in Connecticut involving a claim of FMLA discrimination or retaliation from 2001 to present." (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). The defendant objects to this request on the grounds that it is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). It explains that "[i]nformation regarding complaints made by other employees unrelated to Plaintiff is not likely to lead to the discovery of admissible evidence." (*Id.*).

The court finds that the request is relevant to the plaintiff's claim of discrimination. "Evidence of general patterns of discrimination by an employer is clearly relevant in an individual disparate treatment case, and is therefore discoverable pursuant to Fed. R.Civ.P. 26(b)(1)." *Flanagan v. Travelers Ins. Co.,* 111 F.R.D. 42, 48 (W.D.N.Y.1986) (*citing Zahorik v. Cornell University,* 98 F.R.D. 27, 31 (N.D.N.Y.1983)); *Lieberman v. Gant,* 630 F.2d 60, 68 (2d Cir.1980).

Moreover, the court finds that the request is not overly broad nor unduly burdensome. The defendant cites *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 906 (6th Cir.1991) to support the proposition that "[d]iscovery requests related to discrimination *must* be limited to Plaintiff's department or employment unit." (D.'s Mem. Opp. Mot., 10/19/04, at 5)(emphasis added). However, the *Scales* Court makes no such mandate, finding only that "*where . . . employment decisions were made locally,* discovery *may* be properly limited to the employing unit." 925 F.2d at 907 (emphasis added).[2] The most one may garner from *Scales* is that, subject to a specific condition, a court is permitted, but not required, to limit discovery in such a manner.

Other courts have not limited discovery in this manner. In *Flanagan,* the district court directed the defendant, Travelers Insurance Company, to provide the plaintiff with information regarding any civil action filed against it alleging age discrimination in its entire northeast region. 111 F.R.D. at 48–49. Similarly, in *Whalen v. McLean Trucking Co.,* No. C82–1249A, 1983 WL 30311, at *——, 1983 U.S. Dist. LEXIS 20186, at *4–5 (N.D.Ga. Jan.7, 1983), the court concluded that the plaintiff was entitled to copies of any and all complaints, lawsuits, or charges filed against the defendants relating to age discrimination of similarly situated employees "without regard to any geographic restriction, said scope of discovery being limited to

---

2. In so limiting discovery in *Scales,* the district noted that, because the plaintiff's husband worked for a competitor of the defendant and had attempted hire personnel away from the defendant, "discovery on a company-wide basis could cause [the defendant] substantial injury." *Id.* No such concerns exist here.

the last five years immediately preceding the plaintiff's discharge."

Document Request No. 14 is much more narrowly tailored than the one in *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1084 (11th Cir.1990)(internal quotation marks omitted), where the plaintiffs were denied "nationwide discovery about the identification of each person responsible for [the defendant's] operation, the identification and function of each department, and the number and type of employees in each department and in the Company as a whole, by age...." It is limited to *actions claiming discrimination* in *Connecticut* within *the five years preceding his termination.* Unlike in *Earley*, the request here is not "loose and sweeping" nor is it made as a mere fishing expedition. *See id.* Document Request No. 14 seeks only the comparative information necessary to afford the plaintiff a fair opportunity to develop his case and may be relevant to establish the pretextual nature of the defendant's conduct. *See Flanagan*, 111 F.R.D. at 47 (citations omitted). As such, the motion, to the extent that it seeks to compel the production of Document Request No. 14, is **GRANTED.**

### Document Request No. 24

■ Through Document Request No. 24, the plaintiff seeks "[a] copy of any and all documents identifying employees in the office in which plaintiff was employed who within the last four years have taken a leave of absence and have subsequently been given performance warnings or placed on a performance plan." (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). The defendant objects to the request on the grounds that it is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*). It explains that

[i]nformation concerning leave requests by other employees and subsequent perform-

ance issues associated with these employees, issues which are unrelated to Plaintiff's claim, is not likely to lead to the discovery of admissible evidence. Moreover, because Plaintiff was stationed at Defendant's world headquarters, the laborious search Plaintiff requests would require that Defendant review, for a period of four years, each and every employee's file to determine whether that employee took "a leave of absence" and, if so, whether that employee was then subjected to performance warnings and/or a performance plan at some unspecified time in the future. Such a laborious task, given the size of Defendant's world headquarters and the lack of probative value associated with the information requested, renders this request overly burdensome and overly broad.

(*Id.*).

The court finds that the request is relevant to the plaintiff's claim. *See Morales v. Zondo, Inc.*, 204 F.R.D. 50, 51 (S.D.N.Y. May 4, 2001). Moreover, the court finds that the request is not overly broad nor unduly burdensome. Indeed, in *Hollander v. American Cyanamid Co.*, 895 F.2d 80 (2d Cir.1990), a case alleging age discrimination, the Court of Appeals for the Second Circuit reversed a district court's denial of a motion to compel under similar circumstances.[3]

The question here is not whether such a production would be burdensome to defendant. Clearly, responding to *any* document is burdensome to one degree or another. The question, for these purposes, is whether responding to Request No. 24 would be *unduly* burdensome. The court finds that it would not.

The defendant describes *Coleman v. American Red Cross*, 23 F.3d 1091, 1098 (6th

---

**3.** In *Hollander*, the plaintiff requested that the defendant "[i]dentify each management level employee who has terminated employment with since January 1, 1983 and who at the time of the termination of his employment was over the age of 40, stating as to each the reason or reasons for the termination of employment." 895 F.2d at 84. The defendant objected on the grounds, and the district court agreed, that "the term 'management employee' was vague and that the request was overbroad, seeking information pertaining to

management employees throughout the company, and not merely those working in the [plaintiff's] facility...." *Id.* The Second Circuit reversed this holding as an abuse of discretion finding that this restriction "unduly limited his ability to establish his argument that [the defendant's] discharge of him was pretextual...." *Id.* Discovery thereafter ensued against Cyanamid on a company-wide basis. This request was equally, if not more, burdensome than that in the present case.

Cir.1994) as having precluded the discovery of documents at a defendant's national headquarters because it would be overly burdensome. (D.'s Mem. Opp. Mot., 10/19/04, at 6). While true, *Coleman* involved a negligence claim, not a claim of discrimination; it did not involve an employee at national headquarters, but a woman who had contracted the HIV virus through a blood transfusion whose requests "would have required the Red Cross to search every file that exists at National Headquarters for any document that might be of any relevance to any matter in the case." 23 F.3d at 1098. As such, it is distinguishable.

Pitney Bowes also relies on *Hylton v. United Jersey Bank*, Civ. A. No. 83-3677, 1985 WL 5973 (D.N.J. Apr.25, 1985) for the proposition that "[d]iscovery of employee evaluations is overly oppressive and burdensome where such documents are not related to a party's claims." (D.'s Mem. Opp. Mot., 10/19/04, at 7). In *Hylton*, the plaintiff sought discovery related to employees at 118 separate banking units spanning some fifteen years. 1985 WL 5973, at *3. The plaintiff here has limited his request to the employees *in the office in which the plaintiff was employed* for a period of only *four* years. (Pl.'s Mem. Supp. Mot., 9/20/04, at 6). Such a request is sufficiently narrowly tailored and, as such, not *unduly* burdensome nor *overly* oppressive. These documents, unlike in *Hylton, are* related to the plaintiff's claims.

Finally, the defendant cites section 31–128f of the Connecticut General Statutes as a prohibition of the disclosure if an employee's personnel files by an employer to a third party without the written authorization of the employee. (D.'s Mem. Opp. Mot., 10/19/04, at 8). Surely, however, the defendant is aware of the attendant exceptions to this rule; most pertinently, that pursuant to a lawfully issued judicial order, an employer need not obtain the employee's authorization. Conn. Gen.Stat. § 31–128f(2)(2004). As such, to the extent that this motion seeks to compel a response to Document Request No. 24, it is **GRANTED**.

To the extent that this motion seeks costs and attorneys' fees, it is **DENIED WITHOUT PREJUDICE.** At the conclusion of all proceedings, on application, the court will consider the amount of attorneys' fees, if any, that should be awarded in connection with this motion. Loc. R. Civ. P. 37(a)(4).

For the foregoing reasons, the plaintiff's motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.** This is not a recommended ruling. This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court unless modified by the district judge upon motion timely made. *See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**SO ORDERED** at Hartford, Connecticut this 6th day of December, 2004.