**Deborah COLE, Plaintiff**

v.

**TOWERS PERRIN FORSTER & CROSBY, Defendant.**

**Civil 3:07CV01377 (CFD).**

United States District Court, D. Connecticut.

Feb. 9, 2009.

Deborah L. McKenna, Stephanie M. Marnin, Outten & Golden, Stamford, CT, for Plaintiffs.

Jonathan B. Orleans, Pullman & Comley, Bridgeport, Lisa A. Lori, Lynn A. Collins, William A. Harvey, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, Philadelphia, PA, for Defendants.

### RULING AND ORDER ON MOTION TO COMPEL [Dkt. # 24]

THOMAS P. SMITH, United States Magistrate Judge.

This is an age and disability discrimination action arising out of plaintiff's termination of employment with defendant as a consultant in its Health and Welfare Consulting Unit. Prior to working in this unit, plaintiff had been employed by defendant for seven years. (Complaint). Pending before the court is plaintiff's motion to compel responses to interrogatories and production requests. (Dkt.# 24). As set forth below, plaintiff's motion is **GRANTED in part** and **DENIED in part.**

#### Standard of Review

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). The party resisting discovery bears the burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

#### Discovery at Issue

There are several preliminary matters to be addressed. First, plaintiff argues that defendant's objections to the requested discovery were untimely and therefore waived. The court declines to find that the

defendant waived its objections as a result of being late with its responses by a few days. *See e.g., Davis v. City of New York,* 1988 WL 42189, at \*2 (S.D.N.Y.1988) ("the protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion").

Second, in its opposition memorandum, defendant clarified its responses to Interrogatories 7, 8 and 9 and Production Requests 14, 15, and 21. (See dkt. # 28). Defendant is ORDERED to revise its responses accordingly. Fed.R.Civ.P. 26(e)(1).

Third, with respect to its responses to Interrogatory 3 and Production Requests 1, 4 and 33–43, defendant noted that responsive information may become available as a result of an email recovery process or as the litigation progresses. Plaintiff further contends that defendant has not supplemented its response to Interrogatory 15 in light of additional information. (Dkt. # 32, Reply at 4). Defendant must timely supplement its discovery responses as necessary.

Fourth, plaintiff contends that defendant agreed to provide time and expense recorders for certain individuals in 2007 and 2008. (Reply at 4). The court accepts plaintiff's representation and ORDERS defendant to provide the identified information, absent objection.

### Specific Interrogatories in Dispute

### Interrogatory 1

If it has not done so, defendant must provide telephone numbers, if available, for any individuals identified in response to this interrogatory as required under Rule 26.

### Interrogatories 4 and 5

■ Plaintiff requests information concerning other claims of age and disability discrimination from 2001 to the present. Plaintiff subsequently agreed to limit her request to regions under a particular supervisor. The requested discovery is relevant to plaintiff's claims of discrimination. *See Culkin v. Pitney Bowes, Inc.,* 225 F.R.D. 69, 71–72 (D.Conn.2004) (evidence of general patterns of discrimination relevant in disparate treatment case). Defendant has not met its burden of demonstrating that the requested discovery, as limited, is overly broad or unduly burdensome and should be denied. Plaintiff's motion to compel is GRANTED as to Interrogatories 4 and 5 as limited.

### Interrogatory 6

Plaintiff's contentions with respect to this request concern defendant's production of its Code of Conduct. This request is therefore addressed below under Production Request 19.

### Interrogatories 10–15

■ Interrogatories 10–15 request information concerning employees and billable hours in particular units from 2001 to the present. Defendant has produced information for several employees in 2005 to 2006, which corresponds to the time plaintiff worked in the Health and Welfare Unit. Defendant asserts that to provide information for additional years would be unduly burdensome as the employees would need to be identified and substantial confidential client information redacted. Defendant has provided sufficient information to allow plaintiff to compare her performance as compared to other employees in the relevant units and to evaluate how these units functioned following her termination. Plaintiff's motion to compel is DENIED as to Interrogatories 10–15.

### Specific Production Requests in Dispute

Defendant asserts that it has produced all relevant documents in its possession relevant to Production Requests 2, 3, and 22. This is an adequate discovery response. Defendant has further indicated that it has provided responsive documents to requests 16–18.

### Production Requests 7–13

Defendant must indicate whether all documents responsive to these requests have been produced.

### Production Request 19

■ Plaintiff moves to compel the production of documents related to compensation and benefits. Defendant has indicated that it produced its Code of Business Conduct, which contains the relevant policies. To the extent there are additional documents con-

cerning compensation and benefits, defendant is to produce them.

In response to Interrogatory 6, which requests information concerning defendant's EEO policy, defendant referenced its Code of Conduct. Plaintiff seeks all versions of defendant's Code of Conduct during her entire tenure with defendant and subsequent to her termination from the Health and Welfare Unit. Defendant has indicated that it has not located any versions of the Code prior to the time plaintiff worked in the Health and Welfare Unit, but has not indicated whether there are versions subsequent to her termination. As changes made to the policy may be relevant, defendant must provide any subsequent versions or confirm that none exist.

### Production Request 23

Defendant has not indicated whether it has produced requested documents relating to its Answer to the Complaint in this action. To the extent it has not done so, defendant must produce the requested documents.

### Conclusion

Plaintiff's motion (dkt.# 24) is **GRANTED in part** and **DENIED in part**. Plaintiff has also moved for an award of reasonable fees incurred in bringing this motion. The award of any fees in connection with this motion will be considered, on application, at the conclusion of all proceedings in this case.

This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court. *See* 28 U.S.C. § 636(b) (written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED.**